EXHIBIT No. A



( Records )

# TENNESSEE DEPARTMENT OF CORRECTION
## INMATE INQUIRY - INFORMATION REQUEST

B.C.C.X. Site #2

RECORDS
Bledsoe Co Correctional Complex

**INSTITUTION**

INMATE NAME *(Please Print)*: Jack Nunley

INMATE NUMBER: # 081182

UNIT: 6    ROOM / BED: 13-A    DATE: _____

ROUTED TO: ☐ Unit Manager   ☐ Inmate Relations Coordinator (IRC)   ☐ Counselor   ☐ Job Coordinator

1. Inmate Inquiry/Request:

IA Bolden brought me a "Waiver Form CR2969" to sign to recalculate my sentence. Please send me details on how the recalculation will help me. I do not want to sign something (see attached)

2. Action by Counselor/IRC:

_____

COUNSELOR / IRC SIGNATURE          DATE

3. Action by Record Office:

Please see Counselor for answer.

RECORD'S OFFICE STAFF SIGNATURE    1/11/19   DATE

4. Sentence Management Service (SMS) Response:

_____

SMS STAFF SIGNATURE                DATE

CR-3118 (Rev. 1-07)    White - Inmate    Canary - Record Office    Pink - Counselor IRC    RDA 1167

# Waiver Form CR2969

*# unit*
*6*
*site 2*



**TENNESSEE DEPARTMENT OF CORRECTION**

**SENTENCE REDUCTION CREDITS WAIVER**

INSTITUTION: _____

| OFFENDER NAME (LAST) | OFFENDER NUMBER |
|---|---|
| Nunley | 81182 |
| FIRST: Jack | MI: |

The undersigned knowingly and voluntarily waives, for the sole and exclusive purpose of receiving Sentence Reduction Credits as authorized by Public Chapter 5, First Extraordinary Session of 1985, his/her right to serve the following sentence(s) under the law in effect on the date the indictment alleges the offense was committed.

| | | |
|---|---|---|
| All Convictions | YES | NO |
| All Determinate Convictions | YES | NO |
| All Indeterminate Convictions | YES | NO |
| All Class X Convictions | YES | NO |
| All Judge Sentenced Convictions | YES | NO |

Only those convictions – (List each specific Docket Number(s) only)

CS # 1080 Ct I Life
CS # 86W301 Escape

_____
Signature of Witness

Refused to Sign
_____
Signature of Inmate

11:30 am
_____
Title

1-9-19
_____
Date

81182
_____
TDOC Number

1-9-19
_____
Date

**From:** ████████████████
**Sent:** Monday, January 14, 2019 1:13 PM
**To:** J███████████████████
**Subject:** RE: Jack Nunley 81182

Under the law he was originally sentenced under, the parole date was set at 30 calendar years and that date could not be reduced by PPSC earned. When the PSRC law was passed in 1986, offenders that were serving Life under the determinate statute could opt to waive out of PPSC and waive into PSRC. PSRC would allow a 30 calendar year PP date to reduce as credits were earned each month.

In his case, it was not beneficial for him to sign that waiver on his other Indeterminate and Determinate sentences as in addition to losing benefit of PPSC, a person would also lose the benefit of GCC that were included in the initial calculation of those I and D sentences making the expiration dates increase.

However, life sentences did not have built in GCC as there isn't an expiration. His Life sentence began as of 12-19-14 (custodial parole date). He would be eligible to reduce his PP date on this sentence beginning with credits earned in January 2015 if he were to sign the waiver on this sentence only. He will also benefit in the future if he were to sign the waiver on the escape sentence as well. It isn't yet calculated but will be at some point in the future. This sentence is not a D or I so does not have built in GCC.

**From:** ██████████████████
**Sent:** Monday, January 14, 2019 8:15 AM
**To:** ████████████
**Cc:** ████████████
**Subject:** Jack Nunley 81182

Inmate just received his Wavier Form CR2969 for him to sign.
He asked a question I couldn't answer.
He wants me to explain how this will benefit him, as opposed to not signing it. I was at a loss for an answer.
Please advise so I can explain to him.
Thanks
Jack

# EXHIBIT

# No.

# 1

WESTLAW

2019 Tennessee Senate Bill No. 453, Tennessee One Hundred Eleventh General Assembly - First Regular Session
2019 TN S.B. 453 (NS)  |  February 4, 2019  *(Approx. 2 pages)*

2019 Tennessee Senate Bill No. 453, Tennessee One Hundred Eleventh General Assembly - First Regular Session

## TENNESSEE BILL TEXT

**TITLE: Sentencing - As introduced, clarifies that a person sentenced to life imprisonment for the offense of first degree murder between November 1, 1989, and July 1, 1995, is eligible for parole after service of a minimum of 25 calendar years and those similarly sentenced after July 1, 1995, must serve a minimum of 51 calendar years before being eligible for parole. - Amends TCA Title 4; Title 37; Title 38; Title 39; Title 40 and Title 41.**

VERSION: Introduced
February 04, 2019
Bell

Image 1 within document in PDF format.

SUMMARY: AN ACT to amend Tennessee Code Annotated, Title 4; Title 37; Title 38; Title 39; Title 40 and Title 41, relative to the criminal justice system.

**TEXT:**

HOUSE BILL 394

By Garrett

SENATE BILL 453

By Bell

AN ACT to amend Tennessee Code Annotated, Title 4; Title 37; Title 38; Title 39; Title 40 and Title 41, relative to the criminal justice system.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE:

SECTION 1. Tennessee Code Annotated, Section 40-35-501, is amended by deleting the first sentence of subdivision (h)(1) and substituting instead the following:

Release eligibility for a defendant committing the offense of first degree murder on or after November 1, 1989, but prior to July 1, 1995, who receives a sentence of imprisonment for life occurs after service of sixty percent (60%) of sixty (60) years less sentence credits earned and retained by the defendant, but in no event shall a defendant sentenced to imprisonment for life be eligible for parole until the defendant has served a minimum of twenty-five (25) full calendar years of the sentence, notwithstanding the governor's power to reduce prison overcrowding pursuant to title 41, chapter 1, part 5, any sentence reduction credits authorized by § 41-21-236, or any other provision of law relating to sentence credits.

SECTION 2. This act shall take effect upon becoming a law, the public welfare requiring it.

---

**End of Document**          © 2019 Thomson Reuters. No claim to original U.S. Government Works.

## WESTLAW

2019 Tennessee House Bill No. 394, Tennessee One Hundred Eleventh General Assembly - First Regular Session
2019 TN H.B. 394 (NS) · February 4, 2019  *(Approx. 2 pages)*

2019 Tennessee House Bill No. 394, Tennessee One Hundred Eleventh General Assembly - First
Regular Session

### TENNESSEE BILL TEXT

**TITLE: Sentencing - As introduced, clarifies that a person sentenced to life imprisonment for the offense of first degree murder between November 1, 1989, and July 1, 1995, is eligible for parole after service of a minimum of 25 calendar years and those similarly sentenced after July 1, 1995, must serve a minimum of 51 calendar years before being eligible for parole. - Amends TCA Title 4; Title 37; Title 38; Title 39; Title 40 and Title 41.**

VERSION: Introduced
February 04, 2019
Garrett

🖼 Image 1 within document in PDF format.

SUMMARY: AN ACT to amend Tennessee Code Annotated, Title 4; Title 37; Title 38; Title 39; Title 40 and Title 41, relative to the criminal justice system.

### TEXT:

HOUSE BILL 394

By Garrett

AN ACT to amend Tennessee Code Annotated, Title 4; Title 37; Title 38; Title 39; Title 40 and Title 41, relative to the criminal justice system.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE:

SECTION 1. Tennessee Code Annotated, Section 40-35-501, is amended by deleting the first sentence of subdivision (h)(1) and substituting instead the following:

Release eligibility for a defendant committing the offense of first degree murder on or after November 1, 1989, but prior to July 1, 1995, who receives a sentence of imprisonment for life occurs after service of sixty percent (60%) of sixty (60) years less sentence credits earned and retained by the defendant, but in no event shall a defendant sentenced to imprisonment for life be eligible for parole until the defendant has served a minimum of twenty-five (25) full calendar years of the sentence, notwithstanding the governor's power to reduce prison overcrowding pursuant to title 41, chapter 1, part 5, any sentence reduction credits authorized by § 41-21-236, or any other provision of law relating to sentence credits.

SECTION 2. This act shall take effect upon becoming a law, the public welfare requiring it.

**End of Document**    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext. © 2019 Thomson Reuters                                        THOMSON REUTERS

# EXHIBIT

# No.

# 2

# IN THE CRIMINAL COURT FOR SUMNER COUNTY, TENNESSEE AT GALLATIN

STATE OF TENNESSEE

vs.   DOCKET # 858-2004 (F59-2004)

EDDIE MURPHY

FILED
9:15 A. M

SEP 0 1 2006

MAHAILIAH HUGHES, CLERK
BY_____ D.C.

### GUILTY PLEA

I, EDDIE MURPHY, hereby voluntarily plead guilty to the following offense(s).

| OFFENSE | MANDATORY MINIMUM PENALTY | MANDATORY MAXIMUM PENALTY |
|---|---|---|
| 1. Murder in the first degree | Life in prison | The death penalty |

*plea to felony murder (count 4) ; The premediated murder count is to be dismissed. (count)*

I acknowledge that my attorney has informed me of the mandatory minimum and maximum penalties as provided by law as set forth above.

I understand that the Court has accepted the proposed sentence in this case and that the sentence as accepted by the Court is as follows: Life in prison with the possibility of parole.

I am represented by James Simmons and Patrick McNally, a competent Attorney in my opinion. My attorney has explained to me my right to plead not guilty and to persist in that plea, and I understand this. I understand I have the right to be tried by a Jury, however, I desire and elect to waive my right to a trial by jury and to submit my case to the Court for decision as to the proper sentence and fine upon my plea of guilty. I understand I am waiving my right to have a jury decide whether any enhancement factors apply.

I understand that I have the right to assistance of counsel at all times during my trial, and also the right to confront and cross-examine witnesses against me. I understand that I have the right not to be compelled to testify and incriminate myself and that my failure to testify may not be used against me. In pleading guilty, I understand this Court may ask me questions about the offense to which I plead under oath and on the record and in the presence of counsel, ant that my answers may later be used against me in prosecution for perjury or false statement, if untrue.

I am presently mentally competent, and I am not under the influence of alcohol or any non-prescription drug. I understand and know what I am doing and the consequences thereof.

The plea I enter is voluntary, and I am not entering this plea as a result of any force or threat. I have not been

1

EXHIBIT # 2
TESTIMONY STATE
EXHIBIT BY Stone
7-22-20 09



IN THE CRIMINAL COURT FOR SUMNER COUNTY, TENNESSEE

AT GALLATIN

**ORIGINAL**

STATE OF TENNESSEE      )
                        )
                        )
V.                      )   Case Nos.  CR859-2004
                        )              CR858-2004
                        )
EDDIE LEE MURPHY, SR.   )

---

TRANSCRIPT OF THE PROCEEDINGS

August 31, 2006

---

THE HONORABLE JANE W. WHEATCRAFT PRESIDING

APPEARANCES:

For the State:      C. Wayne Hyatt
                    Assistant District Attorney General
                    113 West Main Street
                    Gallatin, TN 37066

For the Defendant:  Patrick T. McNally
                    Hollins, Wagster & Yarbrough
                    SunTrust Center
                    424 Church Street
                    22nd Floor
                    Nashville, TN 37219

                    James Andrew Simmons
                    Attorney at Law
                    1208 17th Avenue South
                    Nashville, TN 37212

```
 1   discussions that you had with Mr. Simmons and

 2   Mr. McNally and then they had with General Hyatt?  Is

 3   that how this plea agreement was reached?

 4        A.    Yes, ma'am.

 5        Q.    All right.  What is the plea agreement?  What

 6   is the crime to which you are pleading?

 7        A.    Felony murder.

 8        Q.    And what is the sentence you are receiving?

 9        A.    Life with the possibility of parole.

10        Q.    And do you understand that a life sentence is

11   60 years, and that the minimum time you would have to

12   serve before reaching your earliest parole eligibility

13   would be 51 years?

14        A.    Yes, ma'am.

15        Q.    Are you aware that the Court does not have to

16   accept this plea unless I'm satisfied that you're guilty

17   of the crime with which you're charged?

18        A.    Yes, ma'am.

19        Q.    Are you on any medication?

20        A.    No, ma'am.

21        Q.    Do you have any marijuana, cocaine, or any

22   street drugs in your system?

23        A.    No, ma'am.

24        Q.    Do you understand what you're doing here?

25        A.    Yes, ma'am.
```

# EXHIBIT

# No.

# 3

Menu  Favorites  Tools  Other Applications  Reports  Help

## Disciplinary

TOMIS ID  00201811    Harville, Douglas    Status  ACTV    Location  NWCX



| Incident Date | Incident ID | Disc Class | First Infraction Type |
|---|---|---|---|
| 08/24/2016 | 01229118 | B | RAA REFUSAL/ATTEMPT ALTER DRG |
| 12/14/2014 | 01130946 | B | OOP OUT OF PLACE |
| 12/14/2014 | 01130949 | C | ITO **INTRODUCTION OF TOBACCO |
| 01/26/2014 | 01070138 | B | IPO **INTOXICANTS - POSSESSIO |
| 12/12/2013 | 01062090 | C | FIG FIGHTING |
| 08/14/2012 | 00975992 | A | RTP REFUSED TO PARTICIPATE |
| 02/12/2012 | 00943633 | C | LRT LATE RETURNING |
| 09/25/2011 | 00922017 | C | CON CONTRABAND |
| 01/10/2010 | 00828869 | C | VPR VIOL. OF TDOC/INST. POLIC |

Search

Links  Suspend ☐

Reset key fields

Refresh

Enter

FastPath     Go

Top Of List

Case 3:19-cv-00174    Document 1-1    Filed 02/22/19    Page 13 of 93 PageID #: 1548

Menu   Favorites   Tools   Other Applications   Reports   Help

# Disciplinary

**TOMIS ID** [ 00097795 ]   Hardin, George E.

**Status** ACTV   **Location** P71F



| Incident Date | Incident ID | Disc Class | First Infraction Type |
|---|---|---|---|
| 12/16/2016 | 01247718 | C | PTO POSS/USE OF TOBACCO PRODU |
| 07/11/2015 | 01165781 | B | IUS INTOXIS USE,SELL,EXCHANGE |
| 09/03/2014 | 01111763 | B | CON CONTRABAND |
| 09/02/2012 | 00979226 | B | PDR POSITIVE DRUG SCREEN |
| 09/05/2010 | 00861629 | B | PTO POSS/USE OF TOBACCO PRODU |
| 05/09/1990 | 00035782 | B | IAL **INTOXICANTS-ALCOHOL |
| 06/27/1987 | 00035783 | B | DSP DESTROYING STATE PROPERTY |
| 06/27/1987 | 00035784 | A | AES ATTEMPTED ESCAPE |
| 03/05/1987 | 00035785 | B | DPO DRUGS-POSSESSION/SELLING/ |

**Search** [          ]

**Links**  Suspend ☐

Reset key fields

Refresh

Enter

FastPath

Go

Top Of List

# EXHIBIT

# No.

# 4

BEFORE THE TENNESSEE DEPARTMENT OF CORRECTION
AT NASHVILLE, TENNESSEE


WILLIAM ROBBIE LEDFORD, Petitioner
TDOC ID No. 126283


---

REVIEW OF SENTENCE CALCULATION PURSUANT
TO THE UNIFORM ADMINISTRATIVE PROCEDURES ACT

---

Petitioner was sentenced to life with parole in Case Number 88-741 on February 24, 1989 for first-degree murder. Petitioner's sentence was to be served at forty percent (40%) of thirty years under the 1982 Judge Sentencing Act.

Pursuant to Tennessee Code Annotated § 40-35-211, all felony cases requires the imposition of a determinate sentence. The Judge Sentencing Act held the determinate sentence for a life sentence was thirty years.

The Tennessee Supreme Court has determined that post-1995 life sentences are calculated at sixty years. See Brown v. Jordan, 2018 WL 6381171 (Tenn. 2018). "A sentence of life in prison entitles the defendant to be released, as opposed to paroled, after serving 100% of sixty years less any eligible credits. . ." Kermit Penley v. State, No. W2004-00129-CCA-R3-PC, 2004 WL 2439287, at *3 (Tenn.Crim.App. Nov. 1, 2004); State v. Self, 2016 WL 4542412 (Tenn.Crim.App. August 29, 2016). The court further stated, "Although this court has observed that the phrase 'life

with parole' is inaccurate because a defendant sentenced to life is entitled 'to be released, as opposed to being paroled... .'" Williams v. State, 2013 WL 5493568 (Tenn.Crim.App. Sept. 10, 2013).

In 1988, Tennessee Code Annotated § 40-35-211 listed that the determinant life sentence was calculated at thirty years as compared to the post-1995 determinate life sentence as sixty years. Since the Tennessee Courts hold that once a defendant serves the determinant amount of time on a life sentence, he is to be released as opposed to being paroled.

In light of the above determinations, the Petitioner has served over thirty calendar years and thereby has expired his statutory requirement of thirty years. Therefore, the Petitioner moves the Tennessee Department of Correction to hold a hearing in this matter and recalculated his sentence and immediately release him from his illegal confinement by being held past his expiration date.

Respectfully submitted on this the _8th_ day of January, 2019.


William Robbie Ledford
TDOC ID No. 126283
1045 Horsehead Lane
Pikeville, TN 37367



# TENNESSEE DEPARTMENT OF CORRECTION
## INMATE INQUIRY - INFORMATION REQUEST

*Records*

BCCX
INSTITUTION

*RECORDS*

William Ledford
INMATE NAME *(Please Print)*

125283
INMATE NUMBER

UNIT: 6      ROOM / BED: 17A      DATE: 2|5|19

ROUTED TO:  ☐ Unit Manager   ☐ Inmate Relations Coordinator (IRC)   ☒ Counselor   ☐ Job Coordinator

1. Inmate Inquiry/Request:

   I need my sentence expiration calculated.
   See attached.

2. Action by Counselor/IRC:

   FORWARD TO RECORDS

   _____                    2|6|19
   COUNSELOR / IRC SIGNATURE                    DATE

3. Action by Record Office:

   Sentence Calculation is Correct.

   _____                    2|11|19
   RECORD'S OFFICE STAFF SIGNATURE              DATE

4. Sentence Management Service (SMS) Response:

   _____                    _____
   SMS STAFF SIGNATURE                          DATE

# EXHIBIT

# No.

# 5



# TENNESSEE DEPARTMENT OF CORRECTION
## INMATE INQUIRY - INFORMATION REQUEST

_BCCX_
INSTITUTION

To: _Ricky Harris_
INMATE NAME *(Please Print)*

_121445_
INMATE NUMBER

UNIT: _6_     ROOM / BED: _15A_     DATE: _1/25/19_

ROUTED TO: ☐ Unit Manager   ☐ Inmate Relations Coordinator (IRC)   ☐ Counselor   ☐ Job Coordinator

1. Inmate Inquiry/Request:

   _I need to know how each Board Member voted at my last parole hearing/decision. Thank you._

2. Action by ~~Counselor/IRC~~: _IPPO:_

   _The institution is strictly prohibited to give you this information._

   _IPPO:_
   ~~COUNSELOR/IRC SIGNATURE~~     _1-28-19_
                                    DATE

3. Action by Record Office:

   _IPPO:_

   _____

   RECORD'S OFFICE STAFF SIGNATURE     DATE

4. Sentence Management Service (SMS) Response:

   _____

   SMS STAFF SIGNATURE     DATE

# EXHIBIT

# No.

# 6

# SENTENCE MANAGEMENT SERVICES

# PROCEDURES MANUAL

## For Record Offices

## STATE OF TENNESSEE

## DEPARTMENT OF CORRECTION

# TABLE OF CONTENTS

PAGE

MISSION STATEMENT ........................................... 2

DEFINITIONS ........................................... 3

ABBREVIATIONS ........................................... 7

SENTENCE COMPUTATION SERVICES

    SENTENCE COMPUTATION ........................................... 9

    SENTENCE MODIFICATION ........................................... 13

    IMPORTANT DATES ........................................... 16

SENTENCE INFORMATION SERVICES

    PLACING/LIFTING DETAINERS & NOTICES ........................................... 19

    DETERMINATION OF PAROLE ELIGIBILITY ........................................... 22

    DETERMINATE PROBATION CERTIFICATION ........................................... 25

    DISCHARGE AT EXPIRATION OF SENTENCE ........................................... 25

    DISPOSITION OF INMATE COURT APPEARANCES ........................................... 26

    PROCESSING INMATE INQUIRIES/REQUESTS ........................................... 29

SMS CONTACT LIST ........................................... 31

## MISSION STATEMENT

The mission of Sentence Management Services is to provide sentence calculation services, timely release authorizations, and information relative to all convicted felons in Tennessee whether they are housed in a Department of Correction facility, county jail, workhouses and/or foreign jurisdictions.

# DEFINITIONS

1. **Aggregated** Sentence lengths are added together and calculated as one sentence length. In the example of indeterminate sentence, the minimum sentences lengths are added together as one minimum and the maximum sentence lengths are added together as one maximum for a calculated sentence of total minimum and total maximum.

2. **Alternative Sentence Imposed Date (ASID)** Date used to begin the sentence if sentence does not begin on date imposed, e.g., when an inmate ordered to serve a sentence consecutive to a Federal sentence, an ASID is entered when inmate is returned to TN to begin sentence.

3. **Board of Parole Date (BOP Date)** Date fixed by the Board of Probation & Parole for a parole violator to begin serving a sentence on a conviction for an offense committed while on parole. If the Board is silent, the new sentence will begin at the expiration of the sentence being served at the time paroled.

4. **Class X Sentence** This sentence type applies to specific felony offenses as listed in the Class X Felonies Act of 1979, committed on and after September 1, 1979. Class X sentences are determinate in nature, and include a percentage of time to serve prior to release eligibility. Class X sentences do not have Good Conduct Credit inherent in the calculation. Aggravated Rape and Aggravated Sexual Battery became Class X offenses on February 14, 1980.

5. **Concurrent Sentence** Sentences which are served simultaneously. Concurrent sentences may not always have the same sentence imposed date, nor the same sentence effective date.

6. **Consecutive Sentence** A sentence served after the completion of another.

7. **Custodial Parole** Originally only covered parole from one sentence to another sentence, involving an old Determinate sentence in a consecutive string, which was not final in the trial court prior to July 31, 1978 (TCA § 40-20-110, 1982 Replacement). Custodial parole is now required to calculate sentences under newer statutes such as Multiple/Child Rape, 100% Violent, Drug Free Zone, Child Predator and 100% Firearm offenses which must be served consecutive to a sentence with a calculated RED and EXP.

8. **Dead/Delinquent/Street Time** Time added to a sentence for the following reasons:
   - _NO CREDIT_
   - Dead Time Unserved time due to Escape, Bond, Absconding Community Corrections
   - Delinquent Time Time ordered by the Board of Parole due to violation
   - Street Time Unserved time due to suspension of sentence, or ordered by Board of Parole

-3-

9. **Determinate Probation**    A type of probation which is granted to felony offenders with sentences of two (2) years or less.  The original sentence can be suspended to probation upon reaching release eligibility (RED) - TCA § 40-35-501

10. **Determinate Sentence**    An old-law sentence for an offense committed prior to 9/1/79, for an offense listed in TCA § 40-20-107 & 108, and is calculated with a maximum term of imprisonment.    Parole eligibility is one-half the sentence undiminished by Good Conduct Credits.

11. **Escape**   Intentional and unauthorized absence from custody of a person committed by a court to the Department of Correction or Local Jail/Workhouse.

12. **Good Conduct Credit**  Credit inherent in the calculation of Indeterminate and Determinate sentence per TCA § 41-21-229, effective July 1, 1981, at the rate of 10 days per month the first year, 22 days per month the second through the tenth year, and, 30 days per month for the eleventh year and thereafter.  GCC does not apply to parole dates in Determinate sentences of 65 years or more, nor to Class X sentences, Judge sentences or Reform Act of 1989 sentences.  GCC may be lost for certain disciplinary convictions.

13. **Indeterminate Sentence**    A sentence which consists of a minimum and maximum term of imprisonment, and pertains to all felony offenses committed prior to July 1, 1982, which were not listed as Determinate offenses.  These sentences are calculated with the benefit of Good Conduct Credits (GCC).

14. **Judge Sentence (Criminal Sentencing Act of 1982)**    This statute applies to all sentences for felony offenses committed on or after July 1, 1982, and before November 1, 1989.  All sentences are determinate in nature, and are served calendar day-for-day, with a percentage to a release eligibility date (RED).  Dates may reduce with the earning of sentence reduction credits (PSRC).

15. **Mandatory Parole**    The release of inmates to parole supervision, either three months (for sentences under 10 years); or, six months (for sentences of 10 years and over) prior to the expiration date, if never released to parole on an Indeterminate/Determinate sentence.    Mandatory Parole does not apply to sentences convicted under Class X, Judge, or Sentence Reform of 1989 sentence laws

16. **Parole**    The conditional and revocable release of an inmate to parole supervision.

17. **Parole Eligibility Report**    A monthly report generated by TOMIS, by site, which reflects the names of all offenders who are in custody, and who come within the timeframe for parole consideration.

18. **Parole Docket**    A final list, by site, of each inmate who will receive a hearing during a specific month.  The final docket has been screened by TDOC and TBOPP.

19. **Parole Eligibility Certification** — The verification of parole eligibility by TDOC to BOPP.

20. **Pretrial Behavior Credit** — Sentence reduction credit awarded at the rate of 8 days for each month (30 days) served prior to imposition of sentence (original imposition) – TCA § 41-23-236 (e).

21. **Pretrial Jail Credit** — Pretrial jail credit is time spent in custody, from the date of arrest to the date of sentencing, on a specific offense. Post sentence credit may be granted to an inmate who has been in jail pending revocation from probation and/or community correction. Pre and post trial jail credit must be ordered by the sentencing court or documented by the Sheriff to TDOC.

22. **Prisoner Performance Sentence Credits (PPSC)** — PPSC replaced Incentive Time, effective September 1, 1980, and is awarded at the rate of one to fifteen days per month for positive program participation, PPSC may be lost for the conviction of a Class A disciplinary – TCA §41-21-230.

23. **Prisoner Sentence Reduction Credits (PSRC)** — PSRC replaced PPSC effective December 11, 1985, and is awarded for positive program participation and good institutional behavior. PSRC reduces both the release eligibility date (RED) and the expiration date - TCA §41-21-236.

24. **Release Eligibility Date (RED)** — The calculated release date for parole/probation, based on the opercentage of time to serve as ordered by the sentencing court.

25. **Safety Valve Date** — A parole consideration date that is a percentage earlier than a release eligibility date and is set by the Board of Probation and Paroles. This date is set due to prison overcrowding and certain offenses are excluded.

26. **Sentence** — The disposition imposed by the sentencing court setting a specific length of time a person is committed to the Department of Correction or the local jail/workhouse.

27. **Sentence Imposed Date** — The date the sentence was ordered to begin by the court.

28. **Sentence Effective Date** — The date the calculated sentence begins, including all pretrial jail credit if applicable, TCA §40-23-101.

29. **Sentence Modification** — Any change in the original sentence calculations including credits earned, loss of credits earned, and dead/delinquent/street time taken. This would also include any change of sentence by the trial court, Appellate Court, or by Executive Clemency.

30. **Sentencing Reform Act of 1989 - Reform 1194** — This statute applies to all sentences for felonies committed on or after November 1, 1989. It may also apply to

sentences for offenses committed between July 1, 1982, and November 1, 1989 if to the offender's benefit. A sentence under this statute consists of a specific term or imprisonment, an offender class and range, and a specified percentage of time to serve to the release eligibility.

31. **Split Confinement**     A sentence which is a combination of a specified amount of time to serve in confinement, plus a specified amount of time to probaation or community correction supervision. Split confinement sentences are to be served in the local jails/workhouses.

# ABBREVIATIONS

| | |
|---|---|
| ASID | Alternative Sentence Imposed Date |
| BC | Behavior Credits |
| BOPP | Board of Probation and Paroles |
| C/W | Concurrent with |
| D | Determinate Sentence |
| DR | Determinate Release |
| ED | Educational Good Time Credits |
| EXP | Expiration Date |
| FXP | Full Expiration Date |
| GCC | Good Conduct Credits |
| GHT | Good and Honor Time |
| I | Indeterminate Sentence |
| IAD | Interstate Agreement on Detainers |
| IT | Incentive Time |
| J | Judge Sentence |
| JC | Jail Credits |
| MIS | Management Information Services |
| MP | Mandatory Parole Date |
| N/A | Not Applicable |
| NCIC | National Crime Information Center |
| PC | Program Credits |
| PP | Probationary Parole Date |
| PPSC | Prisoner Performance Sentence Credits |
| PSRC | Prisoner Sentence Reduction Credits |
| PTBC | Pretrial Behavior Credits |

| | |
|---|---|
| PTJC | Pretrial Jail Credits |
| R | Reform 1194 (Sentence Reform Act of November, 1989) |
| RED | Release Eligibility Date |
| RP | Regular Parole Date |
| SCD | Sentence Change Date |
| SCS | Sentence Computation Services |
| SDS | Systems Development Services |
| SED | Sentence Effective Date |
| SIS | Sentence Information Services |
| SMS | Sentence Management Services |
| SV | Safety Valve |
| S/T | Consecutive to |
| TBOPP | Tennessee Board of Probation and Paroles |
| TCA | Tennessee Code Annotated |
| TDOC | Tennessee Department of Correction |
| TTS | Time to Serve |
| X | Class X Sentence |

- 8 -

# SENTENCE COMPUTATION

1. Types of Sentences Imposed in Tennessee (Depends on Date and Type of Offense)

   a. Indeterminate (Pre-1982)

   b. Determinate (Pre-1979/1982)

   c. Class X (September 1, 1979, and February 14, 1980, to November 1, 1989)

   d. Judge Sentencing (July 1, 1982, to November 1, 1989)

   e. Reform Act of 1989 (1194) (November 1, 1989)

2. Required Information Per Standardized Judgment Order (**CR-3419**). Once the information is entered on conversation LSTJ of TOMIS, the sentence is computed by TOMIS.

   - County of Conviction*
   - Case Number*
   - Count Number*
   - Judicial District*
   - Judicial Division*
   - Attorney for the State*
   - Counsel for Defendant*
   - Attorney Type*
   - Defendant's Name*
   - Alias if Any
   - Defendant's Date of Birth
   - Defendant's Sex
   - Defendant's Race
   - Defendant's SSN
   - Indictment Filing Date
   - TDOC #
   - State Control #
   - State ID #
   - County Offender ID #
   - Judgment Date/Plea Date*
   - Defendant's Plea*
   - Verdict*
   - Indictment Offense*
   - Offense Class (1194 only)*
   - Felony/Misdemeanor*
   - Amended Charge (if any)
   - Offense Date*
   - County of Offense
   - Conviction Offense*
   - Meth Related Flag
   - TCA Cite
   - Conviction Class (1194 only)*
   - Sentence Imposed Date*
   - Felony/Misdemeanor*
   - Offender Status (Class X, Judge, 1194 only).*
   - Offender Release Eligibility (Type)*(may also indicate Mult/Child Rapist, Child Predator, Repeat Violent, Drug Free Zone, Poss/Employ Firearm, Gang Related)

- Concurrent or consecutive
- Jail Credit
- Sentenced To (type of facility)*
- Sentence Length*
- Mandatory Minimum Sentence Length
- Period of Incarceration Prior to Probation
- Minimum Service Prior to Work Release (Misd)
- Alternative Sentence Type
- Alternative Sentence Length
- Effective Date of Alternative Sentence
- Court Ordered Fees
- Restitution
- Provide Specimen for DNA Analysis
- Provide Specimen for HIV Testing
- Community Supervision for Life
- Special Conditions
- Judge's Name
- Judge's Signature*
- Date of Entry of Judgment*

- 

**\* Must be present or TOMIS will not compute the sentence.**

3. Sentence Computation Sequence

    a. Sentence Imposed Date (SID).
    b. Pretrial Jail Credits subtracted from SID to arrive at Sentence Effective Date (SED). PTBC reduces RED and EXP the same as the other credits.
    c. Time to serve (TTS) is added to SED to determine Release Eligibility Date, PP/RP, and Expiration Date (EXP).

4. Concurrent and Consecutive Sentences.

When an offender has been convicted of two or more offenses which result in multiple sentences, the terms of imprisonment to which the offender is sentenced run concurrently or consecutively at the discretion of the sentencing judge, unless there is a specific requirement for concurrent or consecutive sentencing (Rule 32 (c) Tennessee Rules of Criminal Procedure).

    a. The procedure followed by the TOMIS sentence computation program is to determine the effective date of each sentence (SED) by applying the number of days of pretrial confinement (jail credit) awarded by the sentencing judge. The time required to serve for release eligibility (parole and expiration) as required by statute, for each case is then added to the SED to arrive at the appropriate release dates.

        (1) When an offender with multiple convictions is awarded an equal amount of jail credit on each case, each sentence will have the same SED. If the length of sentence is the same on all cases, the release dates will also be equal.

        (2) If there are varying amounts of jail credit on concurrent sentences, SED will not be the same for each sentence even though the SID's are the same. Thus, release dates on even sentences of equal length will vary.

- 10 -

In such cases the greater (later) release dates will be the actual release dates for the overall sentence. Information on individual sentences is found on TOMIS Screen LSTQ (Tennessee Sentences Data Inquiry). Information on summary data is found on TOMIS Screen LCLA (Offender Attribute-Status/Location/Data Detail).

(3) If multiple convictions are of equal length but with varying amount of jail credit and/or with different dates of sentence, the largest amount of jail credit and earliest SID SED will determine the summary SED while the summary release date will be determined by the latest release date. The summary SED and summary release dates are not always related to the same sentence.

b. The procedure for computing original consecutive sentences varies according to the type of offense for which an offender was convicted and the law which was in effect at the time the offense was committed.

(1) Consecutive indeterminate sentences are aggregated prior to calculation. All consecutive minimum terms are added together to arrive at the total minimum sentence, and all consecutive maximum terms are added together to arrive at the total maximum sentence.

(2) Consecutive determinate sentences imposed before July 31, 1978 are aggregated prior to calculation. Consecutive determinate sentences imposed after July 31, 1978 require custodial parole before calculating in accordance with decision in Howell vs State.

(3) Consecutive Class X, Judge, and Reform 1194 sentences are individually calculated. The RED date is calculated beginning from the previous RED, and the EXP date is calculated beginning from the previous EXP.

(4) Some consecutive sentences require a Board of Parole date before calculating. A "Y" will appear in the "BOP" field on LSTQ. This date is determined by the Board of Probation and Parole. The consecutive sentence will calculate beginning from that date.

(5) Multiple/Child Rape convictions (effective July 1, 1992 for offenses committed on or after this date) (TCA § 39-13-523) consecutive to offenses other than Multiple/Child Rape, Violent, Drug Free Zone, Child Predator or 100% Firearm convictions require custodial parole.

(6) Violent 100% offense convictions (effective July 1, 1995 for offenses committed on or after this date) (TCA § 40-35-501) consecutive to offenses other than Multiple/Child Rape, Violent, Drug Free Zone, Child Predator or 100% Firearm convictions require custodial parole.

(7) Drug Free Zone offense convictions (effective July 1, 1995 for offenses committed on or after this date) (TCA § 39-17-432) consecutive to offenses other than Multiple/Child Rape, Violent, Drug Free Zone, Child Predator or 100% Firearm convictions require custodial parole.

(8) Child Predator offense convictions (effective July 1, 2007 for offenses committed on or after this date) (TCA § 39-13-523) consecutive to offenses other than Multiple/Child Rape, Violent, Drug Free Zone, Child Predator or 100% Firearm convictions require custodial parole.

100% possess/employ firearm/dangerous felony (effective January 1, 2008 for offenses committed on or after this date) (TCA § 39-17-1324) consecutive to offenses other than Multiple/Child Rape, Violent, or Drug Free Zone, Child Predator or 100% Firearm convictions require custodial parole.

(10) As with concurrent sentences, TOMIS will compute and display sentences individually on LSTQ and display summary dates on LCLA.

5. Procedure for entering sentencing information into TOMIS.

 a. Sentence Computation Services staff will prepare and enter information concerning judgments, sentences, dead, street, and delinquent time, sentence credits, etc., directly into TOMIS from source documents. Board of Parole dates are entered by Tennessee Board of Paroles.

 b. Most entries into TOMIS are to be verified. This is to be done by someone other than the person who entered the information.

 c. Once verified, the information will be submitted to Operational Support Services (OSS) for scanning into Filenet.

6. <u>Judgment Order Status:</u> After a judgment order is entered, TOMIS will go through a series of audits to determine the status.

 a. If the judgment is determined to be complete and legal, TOMIS will set the status to active. The judgment order information is presented to the automated sentence calculation program for sentence calculation. Calculated dates will be displayed on TOMIS screens LCLA and LSTQ the next morning.

 b. If the judgment is determined to be incomplete or illegal, TOMIS will set the status to pending. This prevents any information from being presented to the automated sentence calculation program. SCS reviews IL/IN judgments at least weekly. In most cases, a letter to the District Attorney is created through INFOPAC to advise of the IL/IN judgment order.

 c. Most IL/IN judgments will be overridden to a complete/legal status to enable TOMIS to calculate release dates. Some IL/IN judgments cannot be overridden. For example, if the offender type or the Judge's signature is not on the judgment, it cannot be overridden. These judgments must be held in a pending status until an amended order is received.

# SENTENCE MODIFICATION

1.  Sentence modification is basically any change in the length of time an offender is required to serve. This includes sentence reduction credits awarded to an offender, or the loss of such credits, the addition of dead or street time (time lost on escape, probation or on bond). This would also include any additional changes in a sentence made by a trial court, Court of Criminal Appeals, Supreme Court or by Executive Clemency. Modification by the courts cannot be processed until a copy of the court order is received from the sentencing court, and/or until an appeal by the Attorney General's office is final or a decision is made not to appeal.

    a.  Modification of an existing sentence will be accomplished by entering the information directly into TOMIS from the source document in the same manner as original sentences.

    b.  Additional concurrent sentences will be processed in the same manner as the original sentences. The length of the additional sentences will determine the impact on the original release dates.

    c.  Some additional consecutive sentences must be processed in a different manner than original consecutive. This is because the SED is not determined in the same way; it depends upon the circumstances of the particular case. Examples are as follows:

        (1)  If a parolee is convicted of a felony committed while on parole from TDOC or county facility, he or she shall serve the remainder of the sentence from which paroled, or such part of that sentence as the Tennessee Board of Paroles may determine, before starting to serve the sentence for the offense committed while on parole (TCA § 40-28-123 (a)). In such cases the SED will be determined by the Board of Probation and Parole. The SED will be the Board of Parole date (BOP date) less any jail credit.

        (2)  If the Board makes no determination, the BOP date (SED) will be the expiration of the sentence from which paroled, less any jail time.

        (3)  Custodial parole requires a Custodial Parole Date (CPD) to establish the SED of the consecutive sentence to which an offender is to be custodially paroled (without release from confinement). This applies to any felony sentence for an offense not final in a trial court as of July 31, 1978, **(Howell vs. Tennessee)**, that involves a Determinate sentence in the consecutive string. The SED will be CPD less jail credit. If the Board declines to recommend custodial parole, the SED will be the MP date or EXP date (if consecutive to any other sentence such as Class X or Judge Sentence) less jail credit. Multiple/Child Rape, Violent 100%, Drug Free Zone, Child Predator and 100% Firearm sentences consecutive to any other type sentence also require custodial parole.

2.  LSTQ will display additional sentences as not computed (no dates except SID) for the following reasons:

    a.  No BOP date. Since this is SED of a parole violation sentence, TOMIS cannot compute the sentence. BOP field will indicate Y.

    b.    No CPD. Since this is the SED of a Custodial Parole sentence, TOMIS cannot compute the sentence. CPD field will indicate Y.

    c.    If a sentence is consecutive to a life or death sentence, the following will occur:

        (1)    If consecutive to a Life sentence, TOMIS will compute consecutive sentence from PP or RED of the Life sentence.

        (2)    If an offender is serving a Life sentence and has lost parole dates per TCA § 40-28-123, or is serving Life w/o Parole, TOMIS will not compute the consecutive sentence since there is no starting point.

        (3)    If consecutive to a Death Sentence, TOMIS will not compute the consecutive sentence since there is no starting point.

3.    If a sentence is incomplete or illegal (IN/IL), TOMIS cannot process it until the problem is corrected, or overridden by SCS awaiting corrected judgment orders.

4.    Sentence Reduction Credits

    a.    <u>Good and Honor Credit – GHC</u>   TCA § 41-21-212 and 214. This credit is inherent in the calculation of sentences for offenses committed prior to July 1, 1981. See Policy 505.01 for full discussion of GHC.

    b.    <u>Good Conduct Credit – GCC</u> TCA § 42-21-229. This credit is inherent in the calculation of sentences for offenses committed on or after July 1, 1981. GHC was converted to GCC. See Policy 505.01 for full discussion of GCC.

    c.    <u>Incentive Time</u>   TCA 41-21-228. Type of credit earned for program participation prior to PPSC and replaced September 1, 1980 by PPSC.

    d.    <u>Prisoner Performance Sentence Credits – PPSC</u>   TCA § 41-21-230. On or after September 1, 1980, PPSC is awarded for program participation up to a maximum of 15 days a month. These credits operate in basically the same manner as PSRC with the exceptions listed in Section VI E of Policy 505.01 which contains a full explanation of PPSC. PPSC will not reduce a RED date.

    e.    <u>Prisoner Sentence Reduction Credit – PSRC</u>   TCA § 41-21-236. On or after March 1, 1986, PSRC is awarded for satisfactory program participation and good institutional behavior up to a maximum of 16 days per month: 8 days for program and 8 days for behavior. These credits reduce both the RED and EXP dates. See Policy 505.01 for a full discussion of PSRC.

    f.    <u>Educational Good Time Credits</u>   TCA § 41-21-236. Offenders in TDOC custody who complete an educational program and receive a GED, a high school diploma, or college diploma may be eligible to receive 60 days Educational Good Time Credits. Offenders who complete specified TDOC vocational programs and receive certificates may also be eligible to receive 60 days Educational Good Time Credits. Any offender who has ever been convicted of a Multiple/Child Rape, as a Child Predator or Violent 100% sentence and those on maximum custody are not eligible to earn this type of credit. See Policy 505.01 for a full discussion under PSRC.

    g.    An inmate serving a sentence for a Class X or Judge Sentence offense committed prior to December 11, 1985, must sign a Sentence Reduction Credits

Waiver (CR-2969) in order to receive PSRC. Such a waiver cannot be backdated beyond March 1, 1986. Waivers are approved on a case by case basis. Certain other inmates may benefit from signing a waiver; however, such requests must be carefully screened. It will be detrimental to anyone serving an indeterminate sentence or a determinate sentence of less than 65 years. Parole dates may reduce but expiration dates will increase due to loss of good conduct credits built into these sentences. Only offenders serving the following types of sentences may benefit by signing a waiver:

(1)     Class X sentences. (Date of offense prior to 12/11/85).

(2)     Judge Sentences (Date of offense prior to 12/11/85).

(3)     Life sentences as the result of a Habitual Criminal conviction.

(4)     Determinate sentences of 65 years or more for an offense committed on or after March 24, 1965. This will allow parole dates to reduce, however expiration date will be extended.

(5)     Life sentence for an offense committed on or after May 6, 1973.

5.     Dead, Delinquent or Street Time

This prevents an offender from receiving credit for days he is not entitled to. As a result, all release dates are extended.

a.     Dead time is applied for time lost on escape, furlough, bond, and in some cases community corrections.

b.     Delinquent Time is authorized by the Board of Probation and Paroles and entered by SCS. It may be applied for time lost from date of delinquency to date of parole revocation, or any period of time specified by Board.

c.     Street Time is applied for time lost on probation and in some cases times lost on parole prior to delinquency.

# IMPORTANT DATES THAT AFFECT SENTENCE CALCULATION

If the dates of the offense are from day one to 7-1-82, the sentence type will be either Indeterminate or Determinate, or Class X after 9-1-79, depending on the nature of the charges.

Any sentence (I or D) consecutive to a determinate sentence and final prior to 7-31-78 (Howell vs. Tennessee), will be aggregated/added together for a total sentence. Any sentence (I, D, X, J) consecutive to a determinate sentence and final after 7-31-78, will be held as unprocessed for custodial parole consideration. The consecutive sentence(s) will not be computed until the Board of Probation and Paroles considers the case and makes a decision as to when the consecutive sentence(s) will begin to be served, or the offender reaches Mandatory Parole or Expiration of Sentence.

If the dates of offense are from day one to 9-1-79, (Class X effective date), the sentence type will be Determinate, providing the charges are one of the following:

| | |
|---|---|
| Murder One | Murder Two |
| Robbery w/a Deadly Weapon | Aggravated Kidnapping |
| Carnal Knowledge of Female U/12 yr. | Assault from Ambush |
| Assault with Intent to Kidnap | Vehicular Homicide |

If the dates of offense are from 9-1-79 to 7-1-82, the sentence will be Class X, with a mandatory 40%* to be served for a release eligibility date (RED), providing the charges include:

| | |
|---|---|
| Murder One | Murder Two |
| Conspiracy to Murder | Aggravated Kidnapping |
| Robbery w/a Deadly Weapon | Willful Injury with Explosives |
| Aggravated Arson | Habitual Drug Offender |
| Assault w/i to Murder w/Bodily Injury | |
| Assault from Ambush w/a Deadly Weapon | |

If the dates of offense are from 2-14-80 to 7-1-82, and the offense is either Aggravated Rape or Aggravated Sexual Battery, the sentence will be Class X at 40%.

*Effective 3-30-86, all J and X sentences imposed at 40% prior to that date were reduced to 35%. Similarly, all J and X sentence imposed at 50% were reduced to 40%.

If the dates of offense are from 7-1-82 to 11-1-89, the sentence will be Judge Sentencing, with the exception of the designated Class X offenses. All Class X and Judge Sentenced offenses will be computed at 30% for RED unless otherwise specified on the judgment order.

If the dates of offense are from 11-1-89 to present the sentence will be Reform Act of 1989 - 1194. A Reform Act – 1194 sentence may be applied for an offense committed between 7-1-82 and 11-1-89 if it would be more beneficial to an offender. Sentences will be computed at 30% for RED unless otherwise specified on the judgment order.

A Life sentence conviction with a date of offense prior to 5-6-73, is computed as a 25 year Indeterminate sentence with time to serve (TTS) for PP: 12 years, 7 months; RP: 13 years, 7 months; Expiration: none

A Life sentence conviction with a date of offense after 5-6-73 to 11-1-89 is computed at 30 years TTS and no expiration.

A Life sentence conviction with a date of offense on or after November 1, 1989, is computed at 36 years TTS and no expiration if imposed under 1194.

Under 1194, there is no offender range for Murder 1. The only sentence for Murder 1 is Life or Death.

Effective 7-1-92, an offender convicted as a Multiple/Child Rapist with an offense on or after 7-1-92 will serve entire sentence undiminished by Sentence Reduction Credits.

Offenses committed on or after 7-1-93, punishment for First Degree Murder is:

> Life (RED can't be reduced below 25 calendar years before eligible for parole)
> Life without Parole
> Death

Effective 7-1-94, an offender convicted as a Repeat Violent Offender (offense date on or after 7-1-94) must serve Life without Parole.

Effective 7-1-95, offenders convicted of violent offenses (committed on or after 7-1-95) as listed in TCA § 40-35-501(I) must serve 100% of sentence, but can reduce with sentence reduction credits by 15%. These sentences cannot be reduced below 85%.

Effective 7-1-95, offenders convicted of violent offenses (committed on or after 7-1-95) and receive Life sentences (not Life w/o Parole) must serve 60 years before parole eligibility. The sentence can reduce to no less than 51 years with credit earned.

Effective 7-1-95, certain drug offenses (committed on or after 7-1-95) require enhanced penalties if committed within 1000' of a school, day-care, library or park. An offender sentenced for a Drug Free Zone offense is required to serve at least the minimum sentence for the appropriate range of sentence. The minimum sentence cannot be reduced by sentence reduction credit.

Effective 7-1-96, offenders convicted of certain sex offenses (committed on or after 7-1-96) shall receive a sentence that requires Community Supervision for Life after release.

Effective 7-1-97, offenders found to have committed gang-related offenses (committed on or after 7-1-97), can receive an enhanced sentence at 1 to 2 classifications higher than if non gang-related.

Effective 7-1-98, an offender convicted for a DUI 4th offense (and one of the offenses occurred on or after this date), is required to serve a mandatory 150 consecutive days before Prisoner Sentence Reduction Credits.

Effective 3-30-05, the Meth-Free Tennessee Act of 2005 was imposed. This allows for convictions to indicate if for specific meth offenses. TBI maintains a database of these types of convictions.

Effective 7-1-06, the Child Protection Act of 2006 was imposed. A new offense of Aggravated Rape of a Child (25 to 40 years) was enacted as well as other offenses. This act also added parks, playgrounds, recreation centers and public athletic fields to those areas near which a registered sex offender may not work or live.

Effective 7-1-06, offenders who complete an educational program and receive a GED, a high school diploma, or college diploma may be eligible to receive 60 days Educational Good Time Credits. Offenders who complete specified TDOC vocational programs and receive certificates may also be eligible to receive 60 days Educational Good Time Credits. Any offender who has ever been convicted of a Multiple/Child Rape, Child Predator, or Violent 100% sentence, and those on maximum custody are not eligible to earn this type of credit.

Effective 7-1-07, offenders convicted as a Child Predator (for offenses committed on or after 7-1-07) will serve entire sentence undiminished by Sentence Reduction Credits.

Effective 7-1-07, the offenses of Sexual Exploitation of a Minor (class B), Aggravated Sexual Exploitation of a Minor (class B), and Especially Aggravated Sexual Exploitation of a Minor (class B) convictions (committed on or after 7-1-07) were added to the Violent 100% statute.

Effective 1-1-08, offenders who are convicted of possession or employment of a firearm during the commission or attempt to commit a dangerous felony (committed on or after 1-1-08) will serve 100% of sentence, but can reduce with sentence reduction credits by 15%.

Effective 1-1-08, the offense of Aggravated Robbery with Prior conviction was added to the Violent 100% statute.

Effective 7-1-10, the offense of Aggravated Robbery will have a release eligibility date set at 85% not to be reduced below 70% with credits earned.

## PLACING/OR LIFTING OF DETAINERS AND NOTICES

1.  **Definitions:**

    a.  Pending Detainer:  A certified copy of an untried indictment, information or complaint.

    b.  Commitment Detainer:  A certified copy of a judgment order sentencing subject to a period of confinement.

    c.  TDOC Detainer  A request sent to an outside agency for an offender to be returned to TDOC for completion of the balance of sentence owed.

    d.  INS Notification  A request sent from the Immigration and Naturalization Services for a hold to be placed on an offender for possible deportation.

    e.  Interested Party  A request issued by another jurisdiction asking the warden of an institution to inform that jurisdiction prior (usually 60 to 90 days in advance to an inmate's planned release.

    f.  Warrant:  A writ issued by a Court authorizing the arrest or confinement of an individual.

    g.  Indictment  Written statement listing charges against an accused person drawn up by prosecuting attorney and presented by the grand jury.

2.  **Required Information to Place a Detainer:**

    - TOMIS ID

    - Offender name

    - Charges pending

    - Contact person and address

    - Telephone number and/fax number

    - Offense

    - Or one of the following documents:

            Indictment
            Information
            Complaint
            Warrant
            Capias
            Judgment Order (consecutive local sentences.)
            Notification (from Immigration/Naturalization Services)

3.     Procedures for Placing Detainers:

    a.     All Detainer requests are to be forwarded to SMS where they will be entered into TOMIS. Such requests can be received via mail, FAX or NCIC tele-type. A certified copy of the charging document must be included; however, a detainer will be placed pending receipt of the actual warrant, capias or judgment.

    b.     Verify that subject is the custody of TDOC, or a county facility (jail or workhouse) by reviewing LIMD.

    c.     Determine status of detainer:

        (1)     Pending - request is based on pending charges
        (2)     Commitment - request is based on a conviction with time to serve
        (3)     Placement - request is based on INS notification
        (4)     Lifted - request is to remove a previously placed detainer. This must be from the exact same agency that placed detainer. The request may also be from the institutional record office if the offender is released to the detainer on parole or discharge, or if a pending warrant has been disposed of and is replaced with a conviction

    d.     The detainer information is keyed on TOMIS screen LSTS and filed until letters are requested through INFOPAC.

    e.     When verification of data entry has been accomplished, a letter of notification is requested through INFOPAC for each detainer. The INFOPAC letters are printed on a weekly basis (more often, if necessary). One letter is printed for each detainer.

    f.     The letter is signed for the manager of SIS and then copied twice. SIS sends one copy of the letter to the issuing agency as confirmation of the detainer's placement. The detainer request is attached to the original and both the original and remaining copies are forwarded to OSS where the original letter and the detainer request are scanned into the inmate's electronic record (Filenet).

    g.     Once scanned, the letters are then sent to the institutional record office where the offender is located. The record office places the original in his institutional file and gives the copy to the offender.

TOMIS will not allow the entry of a pending or a commitment detainer on an offender who has no TOMIS ID or no assigned site. The same is true for an archived TOMIS ID. Such detainers are held and checked periodically. The detainer should be returned as soon as possible to the issuing agency with a cover letter stating why it could not be placed.

4.     **Procedure for placing a hold on a TDOC Escapee held outside of Tennessee.**

    a.     SIS receives notification of a TDOC Escapee held outside Tennessee. A cover letter with an assigned notification number is prepared and signed by the Commissioner. This letter is forwarded to the holding agency along with a Pen Pack.

    b.     SIS reviews LIMK to ensure that all information pertaining to the escape has been entered.

    c.      If information is on LIMK, SIS then enters the information from the cover letter on LSTS as detainer type "T".

**5.    Interested Parties**

    a.      An agency wishing to be notified prior to the release of TDOC inmate may place a Notification Request with SMS.

    b.      Information regarding interested parties is entered into TOMIS using screen LPDD.

    c.      After entry on LPDD, Notification Requests are to be filed until time permits verification of entry. These do not require a letter or acknowledgment from SIS as the institutional record office and Board of Probation and Paroles handle this when release is imminent.

# DETERMINATION OF PAROLE ELIGIBILITY

1. TOMIS generates a Parole Eligibility Docket for each TDOC institution and county facility. (See LPDP, eligibility docket prompt). It is displayed by Site ID, Docket Year and Docket Month and will show the following information:

   a. Offender TOMIS ID
   b. Offender name
   c. Hearing type
   d. Hearing date
   e. Out to Court
   f. Total Offenders on Report

2. Offenders **not** eligible to be placed on an eligibility docket include:

   a. Offenders whose earliest release date (Safety Valve) are outside the docket's time frame.
   b. Offenders with an out to court with no disposition of their charges LCLF and/or LSTQ.
   c. Offenders in pending status
   d. Offenders with unprocessed sentences.
   e. Offenders revoked from parole to serve to expiration of sentence.
   f. Offenders continued for additional review of their cases.
   g. Requests for add-ons that are received after docket cut off dates.
   h. Offenders declined for the balance of their sentence.
   I. Offenders transferred from one facility/institution to another without proper notification to TDOC/SIS and or BOP.
   j. Offenders who are currently on maximum or close custody and have already been granted an "IP" initial parole hearing. Offenders must be off maximum custody for two years and close custody for one year before eligible for another hearing.
   k. Offenders disqualified for safety valve considerations per the Governor's revised directive concerning the early release provisions of TCA 41-1-508. The restrictions on safety valve apply to all felony offenders regardless of the place of confinement (TDOC, local jails or workhouses). Felony offenders with convictions for the following offenses committed while in confinement or pretrial confinement, regardless of who the victim might be, are ineligible for safety valve consideration:

      (1) Escape or attempt to escape resulting in a sentence of one or more years.
      (2) Aggravated assault
      (3) Assault with intent to murder
      (4) Voluntary manslaughter
      (5) Second degree murder
      (6) First degree murder

   l. Offenders convicted of any homicides or sex offenses are ineligible for safety valve regardless of when the offenses were committed. This is effective February 1991 for sex offenses and January 22, 1994 for homicides.

   m. Offenders convicted of Especially Aggravated Kidnaping, Aggravated Kidnaping, Especially Aggravated Robbery, Aggravated Arson, Aggravated Child Abuse are ineligible for safety valve regardless of when the offenses were committed. This is effective November 1995.

3. Once the Parole Eligibility dockets have been screened and ineligibles deleted by TDOC, add-ons must be identified. Add-ons may include cases where an offender is past due for parole consideration for reasons beyond his or her control. These include but are not limited to:

   a. Sentence reduction through past-conviction relief, appeal, etc.

   b. Restoration of Dead/Delinquent/Street Time.

   c. Late receipt of paperwork leading to late sentence computation after RED has been reached.

   d. Additional jail credit posted after initial sentence computation.

   e. Untimely transfer.

4. Once the deletions and add-ons have been processed, TDOC notifies the Board of Probation and Parole (BOPP) that the Parole Eligibility Docket is certified, and the Parole Eligibility Docket becomes the basis for the dockets used for parole hearings at TDOC adult institutions and at county facilities. BOPP will process additional deletions and add-ons. BOPP can add offenders to a docket no more than 90 days from TDOC certification. BOPP will schedule the hearings, arrive at the appropriate dispositions and enter information on LPDP. Key elements of information affecting future parole eligibility are:

   a. Continued until a later date.

   b. Declined for balance of sentence.

   c. Revoke/reparole.

   d. Lose or vacate Delinquent Time and Street Time.

   e. Board of Parole date as SED for additional unprocessed sentences.

5. Time frames for parole eligibility consideration:

   a. Within seven months of safety valve date. Safety valve is governed by BOPP.

   b. Within seven months of release eligibility date (RED) if no safety valve.

   c. Within seven months of probationary parole if no safety valve, but not at less than one year (TCA 40-28-115)

   d. Within seven months of regular parole if no probationary parole or safety valve, but not at less than one year (TCA 40-28-115).

   e. Custodial parole will be required if an offender has consecutive cases involving a Determinate sentence with a sentence date on or after July 31, 1978, or a sentence for Multi/Child Rape, Violent 100%, Drug Free Zone, Child Predator or 100% Firearm offense. SIS will notify TBOP when an offender is eligible for parole consideration from one sentence to begin serving the consecutive sentence. BOPP will then schedule for a custodial parole hearing (TCA 41-28-115).

    (1)   I or D Sentence with a maximum term of Two (2) Years up to Ten (10) inclusive, as fixed by the Court, shall be paroled ninety days prior to completion of the maximum term of sentence, less applicable sentence reduction credits.

    (2)   I or D Sentence with a maximum term of over Ten (10) Years, as fixed by the Court, shall be paroled six months prior to completion of the maximum term of sentence, less applicable sentence reduction credits.

    (3)   No offender who has ever been granted parole before will be eligible for mandatory parole.

    (4)   Mandatory parole for an offender convicted of a sex offense is at the discretion of the TBOPP.

6.    Extension of Parole Dates or RED. Parole Eligibility Dates or RED can be extended for the following reasons:

    (a)   Loss of Dead, Delinquent or Street Time.

    (b)   Loss of Sentence Reduction Credits.

    (c)   Extension of parole dates due to disciplinary action for assault or escape in TDOC (policy index 502.02).

7.    Loss of Parole Eligibility. An offender will lose parole eligibility for the remainder of his sentence if he commits a felony other than escape while on release status in the community (TCA 40-28-123 b (1)).

8.    An offender who receives a sentence enhancement of employing a firearm or any explosive devise while committing or escaping from a felony will not be eligible for parole until that sentence is served (TCA 39-6-1710 a (2)).

- 24 -

# DETERMINATE PROBATION CERTIFICATION

TCA   40-35-501 (a)(3)

Felony sentences of 2 years or less, regardless of the place of confinement, are released to probation upon reaching their release eligibility date (RED), provided there are no objections filed.

Sentence Information Services receives a TOMIS generated report each week of all offenders whose release eligibility date (RED) comes within the time frame for Determinate Release to Probation.   All offenders' sentence calculations are reviewed by SIS, and if they meet the guidelines per statute, the completed report is submitted to BOPP for further processing.

After BOPP procedures are completed with notifications filed and objections noted, and the offender is found to be suitable for release, the probation certificate is forwarded to the appropriate field office for further negotiation with the offender.   BOPP's process takes approximately 30 days to complete.

Those offenders who have previously been granted determinate probation are ineligible for determinate probation if revoked on the same case.  If the offender receives another concurrent sentence that is for 2 years or less and revoked on a prior determinate release case, the offender may be eligible for determinate probation on the new case once the prior case reaches sentence expiration.


# DISCHARGE AT EXPIRATION OF SENTENCE

Sentence Information Services receives a monthly TOMIS generated report which reflects all inmates with an Expiration date 120 days in the future.  This report runs on the night of the fifth working day of the month.

In addition, a daily expiration report is generated in order to pick up any expiration dates which have come within the time frame for expiration due to a sentence modification/recalculation.

Example:   An offender has been declined to the balance of sentence by the Board of Probation and Parole; his EXP is currently 12/01/11; an additional 365 days of pretrial jail credit is awarded by the sentencing court; the order is received in SCS for entry; once the entry is made to TOMIS and the recalculation occurs, the EXP is 12/01/10. The name appears on the daily EXP report the following day and release at expiration of sentence is authorized by SIS.

# DISPOSITION OF INMATE COURT APPEARANCES

1. Definitions:

   a. <u>Out-to-Court:</u>    The transfer of an offender from an adult institution **to** court either with charges or with no charges..

   b. <u>Transfer from Court:</u>    The return of an offender to an adult institution **from** court.

   c. <u>Out-to -Court</u> Flag: "Y" is set by TOMIS (on LCLA) when an OTC-charges movement is entered on LIMD.

   d. <u>SIS Point of Contact:</u>    The individual within SIS who is designated to process the removal of an out-to-court flag from LCLA.

   e. <u>Video Court:</u>    An arraignment for a TDOC offender set up through video conferencing between the judge and facility where offender is located.

2. Required Information:

   a. Docket/Case Number

   b. Date offender went to court

   c. Where offender went to court (county)

   d. Reason offender went to court

   e. Disposition of court appearance (Disposition of unknown will not be used.) Note that OTC flag will remain in effect until the disposition/JO is entered on TOMIS

   f. Offender transfer status

3. Procedures:

   a. Court order received by Central Office Classification Division/Institution:

      (1) Classification Division will notify the appropriate institution and/or video group via TOMIS Email and/or Internet Email, specifying the status type of court appearance, if known, and will advise date and time for video appearance, court appearance and all transportation schedules.

      (2) A copy of the court order is sent to the institution by Central Dispatch.

      (3) If an order to transport an offender to court is received by the institution from the court, the record office communicates this information to Central Dispatch to determine if there is a need to fax a copy to them.

   b. Institutional Record Office/Count Room:

      (1) The court clerk is called to determine the status of the court appearance, either charges/no charges, if unknown.

(2)     Video Court:

(a)     Central Office Classification Division personnel will send an Email appointment to the OTC group which includes the record office, to advise all parties of an upcoming video arraignment.

(b)     Record office will advise SIS if the hearing did or did not take place on the date/time it was scheduled. If the arraignment took place, SIS is to set the "OTC" flag to "y" on the offender's LCLA screen. This is to be completed within 24 hours if possible.

(c)     Record office will monitor the video arraignment cases and enter court findings on LCLF. The OTC flag will be removed once any new sentences or detainers are entered on TOMIS, dispositions are entered on LCLF by Institutional staff and Email is sent to contact person in SIS.

(d)     Central Office Classification Division personnel will enter a contact note (type of COVA) into TOMIS once the video arraignment takes place for offenders who were arraigned.

(3)     Court Departure:

(a)     The appropriate movement reason is entered on LIMD (Arrival/Departure). OUTYS is used for out-to-court charges. OUTNO is used out-to-court no charges. When out-to-court charges movement is entered on LIMD, an **out-to-court flag** is triggered on LCLA option 3 as **Out to Court: Y**.

(4)     Court Return:

(a)     The appropriate movement is entered on LIMD. RTCHG is used for Return-Charges. RETNO is used for Return-No Charges.

(b)     If RTCHG is used, Out-to-Court "Y" will remain on LCLA until removed by SIS. The OTC flag will be removed once any new sentences or detainers are entered on TOMIS, dispositions are entered on LCLF by Institutional staff and E-Mail is sent to contact person in SIS.

(c).     It is the responsibility of the assigned institution to have judgment orders or detainers forwarded to SCS for entry once sentencing has occurred.

(5)     If an offender is transferred to another institution for out-to-court purposes, the receiving institution will be responsible for out-to-court transfer entries and return from court entries on LIMD, as directed by the assigned institution. The **assigned** institution will be responsible for determining disposition and LCLF entry and requesting the OTC-flag be removed.

c.     Review for parole or discharge

(1)     An offender is not eligible for parole as long as the OTC flag remains on LCLA. An unresolved out-to-court appearance will result in deletion from the Parole Eligibility Docket.

(2)      Institutional record offices should review all available information on offenders who otherwise would be eligible for parole or discharge except for unresolved out-to-court status. If a disposition is available, entry should be made on LCLF stating disposition, then follow steps in b. (3) and (4).

(3)      If offender receives new conviction, SIS will delete the out-to-court flag once judgment order/detainer is entered on TOMIS and a removal request is sent by E-Mail to SIS contact person. If eligible, the offender will be placed on the next available docket.

# PROCESSING INQUIRIES AND REQUESTS

1. Definitions:

   a. <u>County Facility</u>    A jail, workhouse or penal farm operated by a Tennessee county independent of TDOC.

   b. <u>Felony Offender</u>    An individual who has been convicted of an offense that carries a sentence of one or more years or death. The sentence may be to a TDOC institution or county facility, community corrections, or suspended to probation..

   c. <u>Inmate</u>    A felony offender confined in a TDOC institution or a county facility.

   d. <u>TOMIS</u>    An acronym for Tennessee Offender Management Information System which provides sentence management information and offender status for the TDOC.

   e. <u>TDOC</u>    Tennessee Department of Correction

   f. <u>SIS</u>    Sentence Information Services

   g. <u>CR-3118 - Inmate Inquiry or Information Request</u>    A 3-part form used to answer inmate questions.

2. Required Information to process a CR-3118 - Inmate Inquiry/Information Request:

   a. Institution or facility where inquiry or request originated.

   b. Offender/inmate's name.

   c. Offender/inmate's number.

   d. Offender/inmate inquiry or request.

   e. Summary of actions by counselor (If housed in TDOC institution.).

   f. Actions taken by records office (If housed in TDOC institution.)

3. Procedures:

   a. <u>Offender/Inmate Correspondence</u>    All letters, requests, inquiries received from inmates in TDOC institutions will be returned with a cover memo to the warden specifying the correct procedures to use and the channels to follow to receive an answer. Letters received from county jails, workhouses, penal farms will be answered via the CR-3118 form, Inmate Inquiry or the Information Request.

   b. <u>Inmate Inquiries or Requests via TOMIS E-Mail</u>    SIS will answer E-Mail from record office regarding expiration of sentence, parole

eligibility, etc., otherwise, the CR-3118 should be used. The counseling staff/unit management team/IPO must channel all requests through the Record Office.

c.  <u>Inmate Family Correspondence</u>  Correspondence from inmate families will be answered in a courteous, factual manner by SIS staff.

d.  <u>Inmate Attorney Correspondence</u>  Correspondence from attorneys representing inmates will be processed in the same basic matter as inmate family correspondence. Responses will be factual and courteous and signed by the recipient or his/her designated representative.

e.  <u>Telephone Inquiries</u>  All telephone calls will be answered or returned in a timely and courteous manner. The following guidance on how to direct and respond to telephone calls is to be used with flexibility and common sense:

   (1)  Inmate telephone inquiries from TDOC institutions will not be accepted. Inmates should be advised to go through the prescribed channels, counselor to records office.

   (2)  Collect calls will not be accepted.

   (3)  Three-way calls involving the inmate, a family member, and SIS, will not be accepted.

   (4)  Family members and friends of offenders who call about sentencing issues will be advised to put their request or inquiries in writing. However, if the caller is persistent, it may be advantageous to just verbally give out the requested information.

   (5)  Calls from attorneys representing inmates will be answered in a timely, courteous and factual manner.

   (6)  Calls from Attorney General's Office, and Governor's Office are put through immediately.

   (7)  Calls from media are forwarded to the Department's Communications Officer.

- 30 -

# SENTENCE MANAGEMENT SERVICES CONTACT LIST

Candace Whisman, Director Sentence Management Services
Internet email address candace.whisman@tn.gov
Tomis email whisca01
Phone # 615-741-1000 ext 8072
Fax # 615-259-3783

Torye Lee, Sentence Computation Services Manager
Contact for monthly credits and judgment order entry
Internet email address torye.lee@tn.gov
Tomis email leezto01
Phone # 615-741-1000 ext 8041
Fax # 615-532-1195

Jeannetta Kimbro, Sentence Information Services Manager
Contact for detainers, child support
Internet email address jeannetta.kimbro@tn.gov
Tomis email kimbje01
Phone # 615-741-1000 ext 8044
Fax # 615-259-3783

Amber Phillips, contact for TDOC expiration letters & OTC removals
Internet email address amber.phillips@tn.gov
Tomis email philam02
Phone #615-741-1000 ext 8071
Fax #615-259-3783

Deborah Baker, contact for parole and determinate probation
Internet email address deborah.baker@tn.gov
Tomis email bakede02
Phone #615-741-1000 ext 8052
Fax #615-259-3783

Melinda Toney, contact for county jail discharges
Internet email address is melinda.toney@tn.gov
Phone # 615-741-1000 ext 8068
Tomis email toneme01
Fax #615-259-3783

- Parole violation sentences are the exception and are allowed duplicate jail credit, on the BOP-Y case(s) only.

- If subject has been in safekeeping status (LIMD), time should be applied as jail credit once sentenced.

- On **Knox County** orders: If an offender is sentenced to multiple concurrent convictions on the same day and the jail credit is listed on one order, jail credit is applied to all cases. This is not the case in any other county. The jail credit must be listed on each individual judgment order.

## How to Determine Duplicate Jail Credit

1. Compare ptjc on consecutive case to ptjc on lead case, if any dates are the same- not allowed on consecutive case.

2. Check time served dates on lead case; time served is any date from the SID to EXP. If the ptjc on the consecutive case is any date from the SID to the EXP of the lead case, those dates are not allowed, unless those dates are taken as street or dead time on the lead case.

3. Check time taken, if any on LSTQ 6-I, if ptjc dates on consecutive case is any time from start date to end date, those days are allowed on the consecutive case.

Example:

| Consecutive case PTJC | Lead case PTJC |
|---|---|
| 6-5-10 to 6-9-10 | 8-8-10 to 12-1-10 |
| 8-10-10 to 11-1-10 | |
| 12-3-10 to 6-10-12 | T/S 12-2-10(sid) to 8-3-13(exp) |
| | Dead time taken 12-2-10 to 6-7-12 |

Time allowed on consecutive case:
6-5-10 to 6-9-10
12-3-10 to 6-7-12

**Pretrial Behavior Credits (PTBC)** are awarded in accordance with TCA §41-21-236 and are based on amount of pretrial jail credit granted. The offender receives 8 days Pretrial Behavior Credits for every 30 days of Pretrial Jail Credit granted. This is calculated by TOMIS. No entry is needed. Pretrial Behavior credits can be taken away as a form of a disciplinary if the offender commits a major infraction while in custody of the jail. The jail administrator or sheriff must submit a letter on the Sheriff's Department letterhead to Sentence Management describing the reason for the removal of the disciplinary and how many credits are to be taken away.

53

## Community Supervision for Life

TCA-39-13-524 applies to anyone convicted on or after July 1, 1996 of the following offenses:

- Aggravated Rape
- Rape
- Aggravated Sexual Battery
- Rape of a Child
- Aggravated Rape of a Child
- Attempted Aggravated Rape
- Attempt Rape
- Attempt Aggravated Sexual Battery
- Attempted Rape of a Child
- Attempted Aggravated Rape of a Child

A "Y" should be entered in the Lifetime Supervision field on TOMIS LSTJ screen 3. A "Y" in this field will indicate that an offender will remain under parole supervision after a sentence expires. An offender can be removed from CSL status after ten years, but must go back to court. If the court approves, an order will be done allowing the offender to be removed from under CSL.

## Sentence Modification

1. Sentence modification is basically any changes to the original sentencing that include judgments and/or the length of time an offender is required to serve. This includes sentence reduction credits awarded to an offender, or the loss of such credits, the addition of dead or street time (time lost on escape, probation or on bond). This would also include any additional changes in a sentence made by a trial court, Court of Criminal Appeals, Supreme Court or by Executive Clemency. Modification by the courts cannot be processed until a copy of the court order is received from the sentencing court, and/or until an appeal by the Attorney General's office is final or a decision is made not to appeal.

   a. Modification of an existing sentence will be accomplished by entering the information directly into TOMIS from the source document in the same manner as original sentences.

   b. Additional concurrent sentences will be processed in the same manner as the original sentences. The length of the additional sentences will determine the impact on the original release dates.

c.    Some additional consecutive sentences must be processed in a different manner than original consecutive. This is because the SED is not determined in the same way; it depends upon the circumstances of the particular case. Examples are as follows:

(1) If a parolee is convicted of a felony committed while on parole from TDOC or county facility, he or she shall serve the remainder of the sentence from which paroled, or such part of that sentence as the Tennessee Board of Paroles may determine, before starting to serve the sentence for the offense committed while on parole (TCA § 40-28-123 (a)). In such cases the SED will be determined by the Board of Probation and Parole. The SED will be the Board of Parole date (BOP date) less any jail credit.

(2) If the Board makes no determination, the BOP date (SED) will be the expiration of the sentence from which paroled, less any jail time.

(3)    Custodial parole requires a Custodial Parole Date (CPD) to establish the SED of the consecutive sentence to which an offender is to be custodially paroled (without release from confinement). This applies to any felony sentence for an offense not final in a trial court as of July 31, 1978, **(Howell vs. Tennessee),** that involves a Determinate sentence in the consecutive string. The SED will be CPD less jail credit. If the Board declines to recommend custodial parole, the SED will be the MP date or EXP date (if consecutive to any other sentence such as Class X or Judge Sentence) less jail credit. Multiple/Child Rape, Violent 100%, Drug Free Zone, Child Predator and 100% Firearm sentences consecutive to any other type sentence also require custodial parole.

2.    LSTQ will display additional sentences as not computed (no dates except SID) for the following reasons:

a.    No BOP date. Since this is SED of a parole violation sentence, TOMIS cannot compute the sentence. BOP field will indicate Y.

b.    No CPD. Since this is the SED of a Custodial Parole sentence, TOMIS cannot compute the sentence. CPD field will indicate Y.

c.    If a sentence is consecutive to a life or death sentence, the following will occur:

(1)    If consecutive to a Life sentence, TOMIS will compute consecutive sentence from PP or RED of the Life sentence.

(2)    If an offender is serving a Life sentence and has lost parole dates per TCA § 40-28-123, or is serving Life w/o Parole, TOMIS will

not compute the consecutive sentence since there is no starting point.

    (3)    If consecutive to a Death Sentence, TOMIS will not compute the consecutive sentence since there is no starting point.

3.    If a sentence is incomplete or illegal (IN/IL), TOMIS cannot process it until the problem is corrected, or overridden by SMS supervisors or management awaiting corrected judgment orders.

4.    Dead, Delinquent or Street Time

This prevents an offender from receiving credit for days he is not entitled to. As a result, all release dates are extended.

    a.    Dead time is applied for time lost on escape, furlough, bond, and in some cases community corrections.

    b.    Delinquent Time is authorized by the Board of Probation and Paroles and entered by SCS. It may be applied for time lost from date of delinquency to date of parole revocation, or any period of time specified by Board.

    c.    Street Time is applied for time lost on probation and in some cases times lost on parole prior to delinquency.

## IMPORTANT SENTENCING DATES

If the dates of the offense are from day one to 7-1-82, the sentence type will be either Indeterminate or Determinate, or Class X after 9-1-79, depending on the nature of the charges.

Any sentence (I or D) consecutive to a determinate sentence and final prior to 7-31-78 (Howell vs. Tennessee), will be aggregated/added together for a total sentence. Any sentence (I, D, X, J) consecutive to a determinate sentence and final after 7-31-78, will be held as unprocessed for custodial parole consideration. The consecutive sentence(s) will not be computed until the Board of Probation and Paroles considers the case and makes a decision as to when the consecutive sentence(s) will begin to be served, or the offender reaches Mandatory Parole or Expiration of Sentence.

If the dates of offense are from day one to 9-1-79, (Class X effective date), the sentence type will be Determinate, providing the charges are one of the following:

| | |
|---|---|
| Murder One | Murder Two |
| Robbery w/a Deadly Weapon | Aggravated Kidnapping |
| Carnal Knowledge of Female U/12 yr. | Assault from Ambush |
| Assault with Intent to Kidnap | Vehicular Homicide |

56

If the dates of offense are from 9-1-79 to 7-1-82, the sentence will be Class X, with a mandatory 40%* to be served for a release eligibility date (RED), providing the charges include:

| | |
|---|---|
| Murder One | Murder Two |
| Conspiracy to Murder | Aggravated Kidnapping |
| Robbery w/a Deadly Weapon | Willful Injury with Explosives |
| Aggravated Arson | Habitual Drug Offender |
| Assault w/i to Murder w/Bodily Injury | |
| Assault from Ambush w/a Deadly Weapon | |

If the dates of offense are from 2-14-80 to 7-1-82, and the offense is either Aggravated Rape or Aggravated Sexual Battery, the sentence will be Class X at 40%.

*Effective 3-30-86, all J and X sentences imposed at 40% prior to that date were reduced to 35%. Similarly, all J and X sentence imposed at 50% were reduced to 40%.

If the dates of offense are from 7-1-82 to 11-1-89, the sentence will be Judge Sentencing, with the exception of the designated Class X offenses. All Class X and Judge Sentenced offenses will be computed at 30% for RED unless otherwise specified on the judgment order.

If the dates of offense are from 11-1-89 to present the sentence will be Reform Act of 1989 - 1194. A Reform Act – 1194 sentence may be applied for an offense committed between 7-1-82 and 11-1-89 if it would be more beneficial to an offender. Sentences will be computed at 30% for RED unless otherwise specified on the judgment order.

A Life sentence conviction with a date of offense prior to 5-6-73, is computed as a 25 year Indeterminate sentence with time to serve (TTS) for PP: 12 years, 7 months; RP: 13 years, 7 months; Expiration: none

A Life sentence conviction with a date of offense after 5-6-73 to 11-1-89 is computed at 30 years TTS (can reduce with credits earned) and no expiration.

A Life sentence conviction with a date of offense on or after November 1, 1989, is computed at 36 years TTS (can reduce with credits earned) and no expiration if imposed under 1194.

Under 1194, there is no offender range for Murder 1. The only sentence for Murder 1 is Life or Death.

Effective 7-1-92, an offender convicted as a Multiple/Child Rapist with an offense on or after 7-1-92 will serve entire sentence undiminished by Sentence Reduction Credits.

Offenses committed on or after 7-1-93, punishment for First Degree Murder is:

Life (36 year RED can't be reduced below 25 calendar years by credits earned before eligible for parole)
Life without Parole
Death

Effective 7-1-94, an offender convicted as a Repeat Violent Offender (offense date on or after 7-1-94) must serve Life without Parole.

Effective 7-1-95, offenders convicted of violent offenses (committed on or after 7-1-95) as listed in TCA § 40-35-501(I) must serve 100% of sentence, but can reduce with sentence reduction credits by 15%. These sentences cannot be reduced below 85%.

Effective 7-1-95, offenders convicted of violent offenses (committed on or after 7-1-95) and receive Life sentences (not Life w/o Parole) must serve 60 years before parole eligibility. The sentence can reduce to no less than 51 years with credit earned.

Effective 7-1-95, certain drug offenses (committed on or after 7-1-95) require enhanced penalties if committed within 1000' of a school, day-care, library or park. An offender sentenced for a Drug Free Zone offense is required to serve at least the minimum sentence for the appropriate range of sentence. The minimum sentence cannot be reduced by sentence reduction credit.

Effective 7-1-96, offenders convicted of certain sex offenses (committed on or after 7-1-96) shall receive a sentence that requires Community Supervision for Life after release.

Effective 7-1-97, offenders found to have committed gang-related offenses (committed on or after 7-1-97), can receive an enhanced sentence at 1 to 2 classifications higher than if non gang-related.

Effective 7-1-98, an offender convicted for a DUI 4th offense (and one of the offenses occurred on or after this date), is required to serve a mandatory 150 consecutive days before Prisoner Sentence Reduction Credits.

Effective 3-30-05, the Meth-Free Tennessee Act of 2005 was imposed. This allows for convictions to indicate if for specific meth offenses. TBI maintains a database of these types of convictions.

Effective 7-1-06, the Child Protection Act of 2006 was imposed. A new offense of Aggravated Rape of a Child (25 to 40 years) was enacted as well as other offenses. This act also added parks, playgrounds, recreation centers and public athletic fields to those areas near which a registered sex offender may not work or live.

Effective 7-1-06, offenders who complete an educational program and receive a GED, a high school diploma, or college diploma may be eligible to receive 60 days Educational Good Time Credits. Offenders who complete specified TDOC vocational programs and receive certificates may also be eligible to receive 60 days Educational Good Time Credits. Any offender who has ever been convicted of a Multiple/Child Rape, Child Predator, or Violent 100% sentence, and those on maximum custody are not eligible to earn this type of credit.

Effective 7-1-07, offenders convicted as a Child Predator (for offenses committed on or after 7-1-07) will serve entire sentence undiminished by Sentence Reduction Credits.

Effective 7-1-07, the offenses of Sexual Exploitation of a Minor (class B), Aggravated Sexual Exploitation of a Minor (class B), and Especially Aggravated Sexual Exploitation

of a Minor (class B) convictions (committed on or after 7-1-07) were added to the Violent 100% statute.

Effective 7-1-07, the offense of Rape of a Child requires a minimum sentence of no less than 25 years.

Effective 1-1-08, offenders who are convicted of possession or employment of a firearm during the commission or attempt to commit a dangerous felony (committed on or after 1-1-08) will serve 100% of sentence, but can reduce with sentence reduction credits by 15%.

Effective 1-1-08, the offense of Aggravated Robbery with Prior conviction was added to the Violent 100% statute.

Effective 7-1-10, the offense of Aggravated Robbery will have a release eligibility date set at 85% not to be reduced below 70% with credits earned.

Effective 1-1-12, the offense of Rape of a Child requires sentencing at least as a Range II offender (25 to 40 years) but if appropriate may be sentenced at Range III (40 to 60 years).

Effective 7-1-12, offenders who are convicted of possession or employment of a firearm during the commission or attempt to commit a dangerous felony with a prior conviction for the same, shall be sentenced to not less than 15 years to be served at 100%.

Effective 7-1-12, offenders convicted of Aggravated Rape (offense date on or after 7-1-12) will serve entire sentence undiminished by Sentence Reduction Credits.

Effective 7-1-13, offenders convicted of Aggravated Assault Resulting in Death (Intentional Class C, Reckless Class D) will have a release eligibility date set at 75% not to be reduced below 60% with credits earned.

Effective 7-1-13, offenders convicted of Aggravated Child Neglect or Endangerment will have a release eligibility date set at 70% not to be reduced below 55% with credits earned.

Effective 7-1-13, offenders convicted of Attempted First Degree Murder with Serious Bodily Injury will have a release eligibility date set at 85% not to be reduced below 75% with credits earned.

# Sentence Reduction Credits

## Prisoner Sentence Reduction Credits (PSRC) TCA § 41-21-236

PSRC is credit that may be awarded on a monthly basis by a county facility or Tennessee Department of Correction facility that may reduce an offender's sentence dates. These are awarded based on the offender's good behavior and participation in a program or job. Offender must be housed in the facility that is awarding credits. Credits are entered on LSTV by central office staff and on LSTB by county and institutional staff.

Offenders are not eligible to receive any sentence reduction credit for a month if at any time the offender is in maximum custody, punitive segregation, receives a guilty Class A disciplinary, or escapes as to TDOC standards during the month. TOMIS will not allow the entry of any sentence reduction credit. Offenders incarcerated for Parole, Probation, or Community Corrections violation, **cannot receive sentence reduction credits until the Court or Parole Board revokes the offender.** The only exception to this is offenders incarcerated in an institution can receive credit if being held on a parole violation. Offenders classified at a more restrictive security level than minimum are not eligible for bonus behavior or bonus program credits.

Many county jail offenders can receive Prisoner Sentence Reduction Credits in addition to credit for each day served. The credits are awarded monthly. The credit month runs from the 26th of the prior month to the 25th of the present month (i.e. January 26th through February 25th would be February's credit month time period.) The awarding of credits is at the discretion of the Sheriff, and many jails use the credits as incentive for good behavior. Program credits awarded in county jails are actually awarded in accordance with TCA § 41-2-123, § 41-2-146, and § 41-2-150 to name a few. The behavior credits and bonus credits area earned and awarded in accordance with TCA § 41-21-236.



```
LSTV                              SMS OFFENDER CREDITS          DATE: 10/22/12
BX01193                                SELECT                   TIME: 10:10 AM

TOMIS ID:  00170003  TEST, OFFENDER
   Status:  ACTV     Sex: M    Race: W    Age:  35    Location: WTSP

    Credit  Credit    Credit                                       Credit  PPSC
S   Year    Month     Function        Credit Type          Seq #   Days    Days
    ----    -----     --------         -----------          -----   ------  ----
    2012      7    O ORIGINAL      B BEHAVIOR                  1      6
    2012      7    O ORIGINAL      H BONUS BEHAVIOR            1      2
    2012      7    O ORIGINAL      P PROGRAM                   1      6
    2012      7    O ORIGINAL      R BONUS PROGRAM             1      2



    Search:
    NEXT FUNCTION:         DATA:
    F1-HELP     F9-QUIT     F11-SUSPEND

    BOTTOM OF LIST
```

There are four types of PSRC: program, bonus program, behavior, bonus behavior.

## PSRC Credit Types

Program "P"

60

# EXHIBIT

# No.

# 7

              TOMIS ID: 00126283  LEDFORD, WILLIAM R.
          SITE NAME: BCCX  BLEDSOE COUNTY CORRECTIONAL COMPLEX
              UNIT ID: UN6    CELL ID: 17     BED: A

                        SUMMARY CURRENT RELEASE DATA

                 SENTENCE EFFECTIVE DATE: 09/27/1988
                 RELEASE ELIGIBILITY DATE: 09/14/2008
          PRESUMED PROBATIONARY PAROLE DATE:
               PRESUMED REGULAR PAROLE DATE:
                     MANDATORY PAROLE DATE:
                          EXPIRATION DATE:
                     FULL EXPIRATION DATE:

TOTAL MAXIMUM SENTENCE:    0 YEARS    0 MONTHS    0 DAYS
TOTAL MINIMUM SENTENCE:    0 YEARS    0 MONTHS    0 DAYS
OUT TO COURT:             UNPROCESSED ADDITIONAL SENTENCES: N


COUNTY/JURIS: BRADLEY            YR: 1989 CASE #: 88741      COUNT:    0
OFFENSE: MURDER 1
OFFENSE DATE: 09/26/1988      WAIVER DATE:           SID: 02/24/1989
   BOP DATE:             CUSTODIAL PAROLE:           CONVICTION CLASS:
SENTENCE LAW: CLASS X                                LIFE
SENTENCE OFFENDER TYPE:                              RANGE PERCENT:  0.0
    BEHAVIOR:  1,824   PPSC CREDITS:    0      NET LOSS GCC:        0
     PROGRAM:  1,781      DEAD TIME:    0 DISCIPLINARY EXT %:   0
PRETRIAL JAIL:    150  DELNQNT TIME:    0         EXT YEARS:   0
PRETRIAL BHVR:     0   STREET TIME:    0        EXT MONTHS:    0
MAXIMUM SENTENCE:   0 YEARS   0 MONTHS    0 DAYS    EXT DAYS:    0
MINIMUM SENTENCE:   0 YEARS   0 MONTHS    0 DAYS

# EXHIBIT

# No.

# 8

          TOMIS ID: 00378381   SMILEY, BRUCE A.
      SITE NAME: BCCX   BLEDSOE COUNTY CORRECTIONAL COMPLEX
          UNIT ID: UN5   CELL ID: 05      BED: B

                    SUMMARY CURRENT RELEASE DATA

                 SENTENCE EFFECTIVE DATE: 11/06/2003
                 RELEASE ELIGIBILITY DATE: 12/28/2017
        PRESUMED PROBATIONARY PAROLE DATE:
            PRESUMED REGULAR PAROLE DATE:
                  MANDATORY PAROLE DATE:
                      EXPIRATION DATE: 08/04/2023
                 FULL EXPIRATION DATE: 09/03/2026

TOTAL MAXIMUM SENTENCE:  23 YEARS    0 MONTHS     0 DAYS
TOTAL MINIMUM SENTENCE:   0 YEARS    0 MONTHS     0 DAYS
OUT TO COURT: N        UNPROCESSED ADDITIONAL SENTENCES: N


COUNTY/JURIS: HAMILTON            YR: 2004 CASE #: 246827      COUNT:   1
OFFENSE: RAPE OF A CHILD
OFFENSE DATE: 09/26/2003      WAIVER DATE:          SID: 07/07/2004
    BOP DATE:               CUSTODIAL PAROLE:          CONVICTION CLASS: A
SENTENCE LAW: 1194
SENTENCE OFFENDER TYPE: HUNDRED PERCENT               RANGE PERCENT:  0.0
    BEHAVIOR:     402   PPSC CREDITS:     0      NET LOSS GCC:        0
     PROGRAM:     360      DEAD TIME:     0 DISCIPLINARY EXT %:   0
PRETRIAL JAIL:    244   DELNQNT TIME:     0         EXT YEARS:   0
PRETRIAL BHVR:     64    STREET TIME:     0        EXT MONTHS:   0
MAXIMUM SENTENCE:  15 YEARS    0 MONTHS      0 DAYS  EXT DAYS:   0
MINIMUM SENTENCE:   0 YEARS    0 MONTHS      0 DAYS


COUNTY/JURIS: HAMILTON            YR: 2004 CASE #: 246827      COUNT:  11
OFFENSE: ESP. AGGR. SEX EXPLOITATION OF A MINOR
OFFENSE DATE: 09/26/2003      WAIVER DATE:          SID: 07/07/2004
    BOP DATE:               CUSTODIAL PAROLE:          CONVICTION CLASS: B
SENTENCE LAW: 1194
SENTENCE OFFENDER TYPE: STANDARD                      RANGE PERCENT: 30.0
    BEHAVIOR:     184   PPSC CREDITS:     0      NET LOSS GCC:        0
     PROGRAM:     184      DEAD TIME:     0 DISCIPLINARY EXT %:   0
PRETRIAL JAIL:      0   DELNQNT TIME:     0         EXT YEARS:   0
PRETRIAL BHVR:      0    STREET TIME:     0        EXT MONTHS:   0
MAXIMUM SENTENCE:   8 YEARS    0 MONTHS      0 DAYS  EXT DAYS:   0
MINIMUM SENTENCE:   0 YEARS    0 MONTHS      0 DAYS

    CONSECUTIVE TO:  COUNTY/JURISDICTION  YEAR CASE #      CNT
                     HAMILTON             2004 246827       1

```
        TOMIS ID: 00378381  SMILEY, BRUCE A.
     SITE NAME: BCCX  BLEDSOE COUNTY CORRECTIONAL COMPLEX
        UNIT ID: UN5   CELL ID: 05    BED: B

                SUMMARY CURRENT RELEASE DATA

             SENTENCE EFFECTIVE DATE: 11/06/2003
             RELEASE ELIGIBILITY DATE: 04/01/2021
     PRESUMED PROBATIONARY PAROLE DATE:
         PRESUMED REGULAR PAROLE DATE:
                 MANDATORY PAROLE DATE:
                       EXPIRATION DATE: 11/06/2026
                  FULL EXPIRATION DATE: 11/06/2026

TOTAL MAXIMUM SENTENCE:  23 YEARS    0 MONTHS    0 DAYS
TOTAL MINIMUM SENTENCE:   0 YEARS    0 MONTHS    0 DAYS
OUT TO COURT: N        UNPROCESSED ADDITIONAL SENTENCES: N


COUNTY/JURIS: HAMILTON          YR: 2004 CASE #: 246827      COUNT:   1
OFFENSE: RAPE OF A CHILD
OFFENSE DATE: 09/26/2003     WAIVER DATE:          SID: 07/07/2004
    BOP DATE:          CUSTODIAL PAROLE:          CONVICTION CLASS: A
SENTENCE LAW: 1194
SENTENCE OFFENDER TYPE:                          RANGE PERCENT:  0.0
     BEHAVIOR:     0   PPSC CREDITS:     0     NET LOSS GCC:      0
      PROGRAM:     0      DEAD TIME:     0 DISCIPLINARY EXT %:   0
PRETRIAL JAIL:   244   DELNQNT TIME:     0         EXT YEARS:   0
PRETRIAL BHVR:     0    STREET TIME:     0        EXT MONTHS:   0
MAXIMUM SENTENCE:  15 YEARS    0 MONTHS     0 DAYS    EXT DAYS:   0
MINIMUM SENTENCE:   0 YEARS    0 MONTHS     0 DAYS


COUNTY/JURIS: HAMILTON          YR: 2004 CASE #: 246827      COUNT:  11
OFFENSE: ESP. AGGR. SEX EXPLOITATION OF A MINOR
OFFENSE DATE: 09/26/2003     WAIVER DATE:          SID: 07/07/2004
    BOP DATE:          CUSTODIAL PAROLE:          CONVICTION CLASS: B
SENTENCE LAW: 1194
SENTENCE OFFENDER TYPE: STANDARD                 RANGE PERCENT: 30.0
     BEHAVIOR:     0   PPSC CREDITS:     0     NET LOSS GCC:      0
      PROGRAM:     0      DEAD TIME:     0 DISCIPLINARY EXT %:   0
PRETRIAL JAIL:     0   DELNQNT TIME:     0         EXT YEARS:   0
PRETRIAL BHVR:     0    STREET TIME:     0        EXT MONTHS:   0
MAXIMUM SENTENCE:  8 YEARS    0 MONTHS     0 DAYS    EXT DAYS:   0
MINIMUM SENTENCE:   0 YEARS    0 MONTHS     0 DAYS

    CONSECUTIVE TO:  COUNTY/JURISDICTION   YEAR CASE #      CNT
                     HAMILTON              2004 246827       1
```

# EXHIBIT

# No.

# 9

Return to inmate Warden Hampton 



**TENNESSEE DEPARTMENT OF CORRECTION**
**INMATE INQUIRY - INFORMATION REQUEST**

BCCX
INSTITUTION

Ricky Harris                              121445
INMATE NAME *(Please Print)*              INMATE NUMBER

UNIT: 6          ROOM / BED: 15A          DATE: 1/16/19

ROUTED TO: ☐ Unit Manager  ☐ Inmate Relations Coordinator (IRC)  ☐ Counselor  ☐ Job Coordinator

1. Inmate Inquiry/Request:

I was sentenced in 1988. I need a copy of the sentence calculation, sentence eligibility calculations, and first degree murder statutes for 1988. West Law in the Library only goes back to 1998 or States "out of plan" and we do not have any old Tennessee Code Annotated books. Please help. Thank You.

2. Action by Counselor/IRC:

Which TCA Code are you needing?

Available
COUNSELOR / IRC SIGNATURE                 1-28-19
                                          DATE

3. Action by Record Office:

_____

_____

_____

_____

RECORD'S OFFICE STAFF SIGNATURE           DATE

4. Sentence Management Service (SMS) Response:

_____

_____

_____

_____

SMS STAFF SIGNATURE                       DATE

CR-3118 (Rev. 1-07)    White - Inmate    Canary - Record Office    Pink - Counselor IRC   RDA 1167



**TN** Department of
**Correction**

January 24, 2019

Mr. Ricky J. Harris # 121445
Bledsoe County Correctional Complex
1045 Horsehead Road
Pikeville, TN 37367

Dear Mr. Harris:

This letter is in response to your letter that was received by the Office of the General Counsel regarding your request for legal materials not available in your institutional legal library. I have been assigned to review and respond to your letter on behalf of the General Counsel.

TDOC policy # 509.03 provides the procedure to obtain access to legal materials not available in the institutional legal library.

Your request for assistance, by the General Counsel's office, which is not in accordance with the aforementioned policy, is respectfully denied.

Sincerely,

Douglas Stephens
Detainer Administrator
Office of the General Counsel

cc: Institutional File

Department of Correction • 6th Floor Rachel Jackson Building • 320 6th Avenue North •
Nashville, TN 37243 • Tel: 615-741-1000 • Fax: 615-532-8281 • tn.gov/Correction
Case 3:19-cv-00174    Document 1-1    Filed 02/22/19    Page 69 of 93 PageID #: 1604



**STATE OF TENNESSEE**
**DEPARTMENT OF CORRECTION**
**6TH FLORR RACHEL JACKSON BUILDING**
**320 SIXTH AVENUE NORTH**
**NASHVILLE, TENNESSEE 37243-0465**

TO:         OFFENDER

THROUGH:    RECORDS OFFICE **BCCX**

FROM:       CANDACE WHISMAN, DIRECTOR OF SENTENCE MANAGEMENT SERVICES

THIS INQUIRY IS BEING RETURNED TO YOU AS PROCEDURE HAS NOT BEEN FOLLOWED. YOU MUST FIRST ATTEMPT TO RESOLVE THE SITUATION INVOLVING YOUR SENTENCE OR SENTENCE CREDIT COMPUTATION(S) AT THE INSITTUTIONAL LEVEL. YOU HAVE NOT SUBMITTED DOCUMENTATION OF YOUR ATTEMPT(S) TO DO SO.

TO RESOLVE YOUR SITUATION, THE FOLLOWING STEPS SHOULD BE TAKEN:

1. SUBMIT YOUR INQUIRY TO YOUR COUNSELOR ON A FORM CR-3118, INMATE INQUIRY REQUEST. THESE FORMS ARE AVAILABLE IN THE IN THE COUNSELOR'S OFFICE

2. IF YOUR COUNSELOR IS UNABLE TO RESOLVE THE ISSUE(S), REQUEST THAT THE INQUIRY BE FORWARD BY THE COUNSELOR TO THE RECORDS OFFICE PERSONNEL TO ADDRESS THE ISSUE(S).

3. IF THE RECORDS OFFICE PERSONNEL CAN NOT RESOLVE THE ISSUE(S) REQUEST THAT THE INQUIRY BE FOWARDED BY THE INSITTUTIONAL RECORDS OFFICE PERSONNEL TO SENTENCE INFORMATION SERVICES (SIS) FOR A REPLY.

IF THE ABOVE PROCEDURES PROVE UNSUCCESSFUL THEN YOU MAY SUBMIT TO THE T.D.O.C. OFFICE OF THE GENERAL COUNCIL VERIFYING DOCUMENTATION INCLUDING THE FULLY COMPLETED CR-3118 INMATE INQUIRY OR INFORMATION REQUEST ALONG WITH A PETTION FOR DECLARATORY JUDGEMENT PETTIONS RECEIVED IN THIS OFFICE WITHOUT VERIFYING DOCUMENTTATION WILL NOT BE REVIEWED.

# <u>YOU MUST FOLLOW THESE STEPS.</u>

# EXHIBIT

# No.

# 10

TOMIS ID: 00268006  STEWART, MICHAEL E.
SITE NAME: BCCX  BLEDSOE COUNTY CORRECTIONAL COMPLEX
UNIT ID: UN6   CELL ID: 03   BED: B

SUMMARY CURRENT RELEASE DATA

SENTENCE EFFECTIVE DATE: 07/21/2002
RELEASE ELIGIBILITY DATE: 10/22/2058
PRESUMED PROBATIONARY PAROLE DATE:
PRESUMED REGULAR PAROLE DATE:
MANDATORY PAROLE DATE:
EXPIRATION DATE:
FULL EXPIRATION DATE:

TOTAL MAXIMUM SENTENCE:    0 YEARS    0 MONTHS    0 DAYS
TOTAL MINIMUM SENTENCE:    0 YEARS    0 MONTHS    0 DAYS
OUT TO COURT: Y          UNPROCESSED ADDITIONAL SENTENCES: N


COUNTY/JURIS: POLK              YR: 1996 CASE #: 96045       COUNT:   1
OFFENSE: AGGRAVATED ASSAULT
OFFENSE DATE: 02/13/1995      WAIVER DATE:          SID: 09/16/1996
   BOP DATE:              CUSTODIAL PAROLE:         CONVICTION CLASS: C
SENTENCE LAW: 1194
SENTENCE OFFENDER TYPE: STANDARD                     RANGE PERCENT: 30.0
      BEHAVIOR:      0   PPSC CREDITS:      0        NET LOSS GCC:      0
       PROGRAM:      0      DEAD TIME:      0 DISCIPLINARY EXT %:   0
PRETRIAL JAIL:      0   DELNQNT TIME:      0          EXT YEARS:  0
PRETRIAL BHVR:      0     STREET TIME:      0        EXT MONTHS:  0
MAXIMUM SENTENCE:   4 YEARS    0 MONTHS      0 DAYS   EXT DAYS:   0
MINIMUM SENTENCE:   0 YEARS    0 MONTHS      0 DAYS


COUNTY/JURIS: POLK              YR: 1996 CASE #: 96045       COUNT:   2
OFFENSE: RECKLESS ENDANGERMENT -DEADLY WEAPON INVOLVED
OFFENSE DATE: 02/13/1995      WAIVER DATE:          SID: 09/16/1996
   BOP DATE:              CUSTODIAL PAROLE:         CONVICTION CLASS: E
SENTENCE LAW: 1194
SENTENCE OFFENDER TYPE: STANDARD                     RANGE PERCENT: 30.0
      BEHAVIOR:      0   PPSC CREDITS:      0        NET LOSS GCC:      0
       PROGRAM:      0      DEAD TIME:      0 DISCIPLINARY EXT %:   0
PRETRIAL JAIL:      0   DELNQNT TIME:      0          EXT YEARS:  0
PRETRIAL BHVR:      0     STREET TIME:      0        EXT MONTHS:  0
MAXIMUM SENTENCE:   2 YEARS    0 MONTHS      0 DAYS   EXT DAYS:   0
MINIMUM SENTENCE:   0 YEARS    0 MONTHS      0 DAYS

```
          TOMIS ID: 00268006  STEWART, MICHAEL E.
       SITE NAME: BCCX  BLEDSOE COUNTY CORRECTIONAL COMPLEX
          UNIT ID: UN6   CELL ID: 03    BED: B


COUNTY/JURIS: POLK             YR: 2003 CASE #: 02142E      COUNT:   1
OFFENSE: KIDNAPPING
OFFENSE DATE: 06/28/2002    WAIVER DATE:          SID: 01/31/2003
   BOP DATE:            CUSTODIAL PAROLE:         CONVICTION CLASS: C
SENTENCE LAW: 1194
SENTENCE OFFENDER TYPE: STANDARD                 RANGE PERCENT: 30.0
   BEHAVIOR:    250   PPSC CREDITS:      0      NET LOSS GCC:      0
   PROGRAM:     228      DEAD TIME:      0 DISCIPLINARY EXT %:   0
PRETRIAL JAIL:  194   DELNQNT TIME:      0         EXT YEARS:   0
PRETRIAL BHVR:   48    STREET TIME:      0        EXT MONTHS:   0
MAXIMUM SENTENCE:  6 YEARS   0 MONTHS    0 DAYS    EXT DAYS:   0
MINIMUM SENTENCE:  0 YEARS   0 MONTHS    0 DAYS


COUNTY/JURIS: POLK             YR: 2005 CASE #: 02180       COUNT:   1
OFFENSE: FIRST DEGREE MURDER
OFFENSE DATE: 07/20/2002    WAIVER DATE:          SID: 11/16/2005
   BOP DATE:            CUSTODIAL PAROLE:         CONVICTION CLASS: 1
SENTENCE LAW: 1194                               LIFE
SENTENCE OFFENDER TYPE:                          RANGE PERCENT:  0.0
   BEHAVIOR: 1,076   PPSC CREDITS:      0      NET LOSS GCC:      0
   PROGRAM:    995      DEAD TIME:      0 DISCIPLINARY EXT %:   0
PRETRIAL JAIL: 1,214  DELNQNT TIME:      0         EXT YEARS:   0
PRETRIAL BHVR:  320    STREET TIME:      0        EXT MONTHS:   0
MAXIMUM SENTENCE:  0 YEARS   0 MONTHS    0 DAYS    EXT DAYS:   0
MINIMUM SENTENCE:  0 YEARS   0 MONTHS    0 DAYS


COUNTY/JURIS: POLK             YR: 2006 CASE #: P02180      COUNT:   3
OFFENSE: KIDNAPPING
OFFENSE DATE: 07/20/2002    WAIVER DATE:          SID: 07/10/2006
   BOP DATE:            CUSTODIAL PAROLE:         CONVICTION CLASS: C
SENTENCE LAW: 1194
SENTENCE OFFENDER TYPE: MULTIPLE                 RANGE PERCENT: 35.0
   BEHAVIOR:      0   PPSC CREDITS:      0      NET LOSS GCC:      0
   PROGRAM:       0      DEAD TIME:      0 DISCIPLINARY EXT %:   0
PRETRIAL JAIL:    0   DELNQNT TIME:      0         EXT YEARS:   0
PRETRIAL BHVR:    0    STREET TIME:      0        EXT MONTHS:   0
MAXIMUM SENTENCE:  8 YEARS   0 MONTHS    0 DAYS    EXT DAYS:   0
MINIMUM SENTENCE:  0 YEARS   0 MONTHS    0 DAYS

   CONSECUTIVE TO:  COUNTY/JURISDICTION  YEAR CASE #      CNT
                    POLK                 2005 02180        1
```

Case 3:19-cv-00174   Document 1-1   Filed 02/22/19   Page 73 of 93 PageID #: 1608

# EXHIBIT

# No.

# 11

```
        TOMIS ID: 00120234  JONES, RANDY
      SITE NAME: BCCX  BLEDSOE COUNTY CORRECTIONAL COMPLEX
          UNIT ID: UN6   CELL ID: 04    BED: B
```

```
COUNTY/JURIS: GRUNDY            YR: 1997 CASE #: 3016        COUNT:   1
OFFENSE: FIRST DEGREE MURDER
OFFENSE DATE: 11/14/1995    WAIVER DATE:         SID: 01/11/1997
   BOP DATE:         CUSTODIAL PAROLE:          CONVICTION CLASS: 1
SENTENCE LAW: 1194                              LIFE WITHOUT PAROLE
SENTENCE OFFENDER TYPE:                          RANGE PERCENT:  0.0
   BEHAVIOR:      0   PPSC CREDITS:      0    NET LOSS GCC:       0
   PROGRAM:       0      DEAD TIME:      0 DISCIPLINARY EXT %:    0
PRETRIAL JAIL:  110   DELNQNT TIME:      0        EXT YEARS:  0
PRETRIAL BHVR:   24    STREET TIME:      0       EXT MONTHS:  0
MAXIMUM SENTENCE:  0 YEARS   0 MONTHS    0 DAYS    EXT DAYS:   0
MINIMUM SENTENCE:  0 YEARS   0 MONTHS    0 DAYS
```

```
COUNTY/JURIS: GRUNDY            YR: 1997 CASE #: 3016        COUNT:   2
OFFENSE: FIRST DEGREE MURDER
OFFENSE DATE: 11/14/1995    WAIVER DATE:         SID: 01/11/1997
   BOP DATE:         CUSTODIAL PAROLE:          CONVICTION CLASS: 1
SENTENCE LAW: 1194                              LIFE WITHOUT PAROLE
SENTENCE OFFENDER TYPE:                          RANGE PERCENT:  0.0
   BEHAVIOR:      0   PPSC CREDITS:      0    NET LOSS GCC:       0
   PROGRAM:       0      DEAD TIME:      0 DISCIPLINARY EXT %:    0
PRETRIAL JAIL:  110   DELNQNT TIME:      0        EXT YEARS:  0
PRETRIAL BHVR:   24    STREET TIME:      0       EXT MONTHS:  0
MAXIMUM SENTENCE:  0 YEARS   0 MONTHS    0 DAYS    EXT DAYS:   0
MINIMUM SENTENCE:  0 YEARS   0 MONTHS    0 DAYS
```

```
COUNTY/JURIS: WARREN            YR: 1988 CASE #: F5489       COUNT:   1
OFFENSE: BURGLARY-3RD DEGREE
OFFENSE DATE: 01/31/1987    WAIVER DATE:         SID: 04/28/1988
   BOP DATE:         CUSTODIAL PAROLE:          CONVICTION CLASS:
SENTENCE LAW: JUDGE
SENTENCE OFFENDER TYPE: STANDARD                 RANGE PERCENT: 30.0
   BEHAVIOR:    142   PPSC CREDITS:      0    NET LOSS GCC:       0
   PROGRAM:     116      DEAD TIME:      0 DISCIPLINARY EXT %:    0
PRETRIAL JAIL:    0   DELNQNT TIME:      0        EXT YEARS:  0
PRETRIAL BHVR:    0    STREET TIME:      0       EXT MONTHS:  0
MAXIMUM SENTENCE:  5 YEARS   0 MONTHS    0 DAYS    EXT DAYS:   0
MINIMUM SENTENCE:  0 YEARS   0 MONTHS    0 DAYS
```

TOMIS ID: 00120234   JONES, RANDY
SITE NAME: BCCX   BLEDSOE COUNTY CORRECTIONAL COMPLEX
UNIT ID: UN6   CELL ID: 06   BED: A


COUNTY/JURIS: GRUNDY            YR: 1997 CASE #: 3016        COUNT:   1
OFFENSE: FIRST DEGREE MURDER
OFFENSE DATE: 11/14/1995      WAIVER DATE:           SID: 01/11/1997
    BOP DATE:          CUSTODIAL PAROLE:             CONVICTION CLASS: 1
SENTENCE LAW: 1194                                  LIFE
SENTENCE OFFENDER TYPE:                             RANGE PERCENT:  0.0
    BEHAVIOR:  1,598   PPSC CREDITS:      0      NET LOSS GCC:     0
    PROGRAM:   1,679      DEAD TIME:      0 DISCIPLINARY EXT %:   0
PRETRIAL JAIL:    110   DELNQNT TIME:     0         EXT YEARS:  0
PRETRIAL BHVR:     24    STREET TIME:     0        EXT MONTHS:  0
MAXIMUM SENTENCE:    0 YEARS    0 MONTHS      0 DAYS    EXT DAYS:   0
MINIMUM SENTENCE:    0 YEARS    0 MONTHS      0 DAYS


COUNTY/JURIS: GRUNDY            YR: 1997 CASE #: 3016        COUNT:   2
OFFENSE: FIRST DEGREE MURDER
OFFENSE DATE: 11/14/1995      WAIVER DATE:           SID: 01/11/1997
    BOP DATE:          CUSTODIAL PAROLE:             CONVICTION CLASS: 1
SENTENCE LAW: 1194                                  LIFE
SENTENCE OFFENDER TYPE:                             RANGE PERCENT:  0.0
    BEHAVIOR:  1,598   PPSC CREDITS:      0      NET LOSS GCC:     0
    PROGRAM:   1,679      DEAD TIME:      0 DISCIPLINARY EXT %:   0
PRETRIAL JAIL:    110   DELNQNT TIME:     0         EXT YEARS:  0
PRETRIAL BHVR:     24    STREET TIME:     0        EXT MONTHS:  0
MAXIMUM SENTENCE:    0 YEARS    0 MONTHS      0 DAYS    EXT DAYS:   0
MINIMUM SENTENCE:    0 YEARS    0 MONTHS      0 DAYS


COUNTY/JURIS: WARREN            YR: 1988 CASE #: F5489       COUNT:   1
OFFENSE: BURGLARY-3RD DEGREE
OFFENSE DATE: 01/31/1987      WAIVER DATE:           SID: 04/28/1988
    BOP DATE:          CUSTODIAL PAROLE:             CONVICTION CLASS:
SENTENCE LAW: JUDGE
SENTENCE OFFENDER TYPE: STANDARD                    RANGE PERCENT: 30.0
    BEHAVIOR:    142   PPSC CREDITS:      0      NET LOSS GCC:     0
    PROGRAM:     116      DEAD TIME:      0 DISCIPLINARY EXT %:   0
PRETRIAL JAIL:     0    DELNQNT TIME:     0         EXT YEARS:  0
PRETRIAL BHVR:     0     STREET TIME:     0        EXT MONTHS:  0
MAXIMUM SENTENCE:    5 YEARS    0 MONTHS      0 DAYS    EXT DAYS:   0
MINIMUM SENTENCE:    0 YEARS    0 MONTHS      0 DAYS

# EXHIBIT

# No.

# 12

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRUCE SMILEY, et al.,           )
                                )
        Plaintiffs,             )
                                )
v.                              ) Case No. _____
                                )
STATE OF TENNESSEE, et al.,     )
                                )
        Defendants,             )


SUPPORTING AFFIDAVIT OF BRUCE ANTHONY SMILEY

I, Bruce A. Smiley, do depose and state the following:

1. I am a Plaintiff in the above captioned case. I am
   an incarcerated person in the custody of the Tennessee
   Department of Correction ("TDOC") and I am currently
   housed at the Bledsoe County Correctional Complex
   ("BCCX"). I am over the age of 18 and I am competent to
   testify as to the matters herein;

2. I am serving two sentences pursuant to a plea agreement
   in Hamilton County, Tennessee Criminal Court on July 7,
   2004 in case No. 246827. A determinate sentence of
   fifteen (15) years at 100% for rape of a child, and an
   indeterminate sentence of eight (8) years at 30% for
   especially aggravated sexual exploitation of a minor, to
   be served consecutive to the fifteen year sentence;

3. The sentence effective date is November 6, 2003 and the
   sentence imposition date is July 7, 2004;

4. From the time of my first contact with a TDOC counselor
   during my classification at the West Tennessee State
   Prison, I have been told that even though my fifteen year
   sentence is 100%, I would be eligible to receive TDOC
   behavior and program credits up to 15% and would complete
   said sentence after serving 85% of the sentence. I have
   received the 15% behavior and program credits, and
   expired the fifteen year sentence during the first
   quarter of 2017;

5. During the first quarter of 2017, I began serving the

page 1 of 2

eight year sentence and began receiving behavior and program credits toward the sentence, was certified as parole eligible by the TDOC and was taken before the Tennessee Board of Probation & Parole ("Board") on February 15, 2018 for a parole grant hearing;

6. In October of 2018, I received my quarterly Tennessee Offender Management Information System ("TOMIS") Offender Sentence Letter ("time sheet"). This time sheet reflected that the TDOC, without prior notice or explanation, had taken 64 Pretrial Behavior Credits, 586 TDOC Behavior Credits, and 544 TDOC Program Credits, cumulatively from both of my sentences leaving only 244 Pretrial Jail Credits toward the fifteen year sentence;

7. This action by the TDOC, had the effect of removing me from the eight year sentence in which I had been certified by the TDOC as being parole eligible, and placing me back into the fifteen year sentence that I understood to have been expired;

8. Further affiant sayeth naught.

_____
Bruce A. Smiley, TDOC # 378381
BCCX, Men's Complex
1045 Horsehead Road
Pikeville, Tennessee 37367

STATE OF TENNESSEE)

COUNTY OF BLEDSOE)

Subscribed and sworn to before me, this the _____13th_____ , day of

___February_____ , 2019.

___Avis A. Cagle_____
NOTARY PUBLIC

My commission expires: _____4/29/21_____

AVIS ANN CAGLE
STATE OF TENNESSEE
NOTARY PUBLIC
BLEDSOE COUNTY

page 2 of 2

# Exhibit

# No.

# 13

          TOMIS ID: 00506853  ARMSTRONG, RONNIE
       SITE NAME: BCCX  BLEDSOE COUNTY CORRECTIONAL COMPLEX
          UNIT ID: UN6    CELL ID: 18    BED: A

                    SUMMARY CURRENT RELEASE DATA

                SENTENCE EFFECTIVE DATE: 03/14/2012
                RELEASE ELIGIBILITY DATE:
        PRESUMED PROBATIONARY PAROLE DATE:
           PRESUMED REGULAR PAROLE DATE:
                MANDATORY PAROLE DATE:
                       EXPIRATION DATE: 01/12/2025
                  FULL EXPIRATION DATE: 01/26/2027

TOTAL MAXIMUM SENTENCE:  15 YEARS   0 MONTHS    0 DAYS
TOTAL MINIMUM SENTENCE:   0 YEARS   0 MONTHS    0 DAYS
OUT TO COURT: N       UNPROCESSED ADDITIONAL SENTENCES: N


COUNTY/JURIS: FENTRESS          YR: 2012 CASE #: 1223        COUNT:   1
OFFENSE: RAPE OF A CHILD
OFFENSE DATE: 01/01/2000     WAIVER DATE:            SID: 09/24/2012
   BOP DATE:            CUSTODIAL PAROLE:            CONVICTION CLASS: A
SENTENCE LAW: 1194
SENTENCE OFFENDER TYPE: HUNDRED PERCENT                RANGE PERCENT:  0.0
      BEHAVIOR:    392    PPSC CREDITS:     0      NET LOSS GCC:      0
       PROGRAM:    352       DEAD TIME:     0 DISCIPLINARY EXT %:     0
PRETRIAL JAIL:    194   DELNQNT TIME:      0        EXT YEARS:   0
PRETRIAL BHVR:     48     STREET TIME:      0        EXT MONTHS:   0
MAXIMUM SENTENCE:  15 YEARS    0 MONTHS     0 DAYS     EXT DAYS:   0
MINIMUM SENTENCE:   0 YEARS    0 MONTHS     0 DAYS


COUNTY/JURIS: FENTRESS          YR: 2012 CASE #: 1223        COUNT:  16
OFFENSE: RAPE OF A CHILD
OFFENSE DATE: 01/01/2001     WAIVER DATE:            SID: 09/24/2012
   BOP DATE:            CUSTODIAL PAROLE:            CONVICTION CLASS: A
SENTENCE LAW: 1194
SENTENCE OFFENDER TYPE: HUNDRED PERCENT                RANGE PERCENT:  0.0
      BEHAVIOR:    392    PPSC CREDITS:     0      NET LOSS GCC:      0
       PROGRAM:    352       DEAD TIME:     0 DISCIPLINARY EXT %:     0
PRETRIAL JAIL:    194   DELNQNT TIME:      0        EXT YEARS:    0
PRETRIAL BHVR:     48     STREET TIME:      0       EXT MONTHS:    0
MAXIMUM SENTENCE:  15 YEARS    0 MONTHS     0 DAYS     EXT DAYS:    0
MINIMUM SENTENCE:   0 YEARS    0 MONTHS     0 DAYS

```
        TOMIS ID: 00506853  ARMSTRONG, RONNIE
       SITE NAME: BCCX  BLEDSOE COUNTY CORRECTIONAL COMPLEX
         UNIT ID: UN6   CELL ID: 18   BED: A

                  SUMMARY CURRENT RELEASE DATA

             SENTENCE EFFECTIVE DATE: 03/14/2012
             RELEASE ELIGIBILITY DATE:
       PRESUMED PROBATIONARY PAROLE DATE:
          PRESUMED REGULAR PAROLE DATE:
                 MANDATORY PAROLE DATE:
                     EXPIRATION DATE: 03/14/2027
                FULL EXPIRATION DATE: 03/14/2027

TOTAL MAXIMUM SENTENCE: 15 YEARS   0 MONTHS    0 DAYS
TOTAL MINIMUM SENTENCE:  0 YEARS   0 MONTHS    0 DAYS
OUT TO COURT: N        UNPROCESSED ADDITIONAL SENTENCES: N


COUNTY/JURIS: FENTRESS            YR: 2012 CASE #: 1223        COUNT:  1
OFFENSE: RAPE OF A CHILD
OFFENSE DATE: 01/01/2000    WAIVER DATE:            SID: 09/24/2012
    BOP DATE:           CUSTODIAL PAROLE:          CONVICTION CLASS: A
SENTENCE LAW: 1194
SENTENCE OFFENDER TYPE:                       RANGE PERCENT:  0.0
      BEHAVIOR:      0   PPSC CREDITS:      0      NET LOSS GCC:     0
       PROGRAM:      0      DEAD TIME:      0 DISCIPLINARY EXT %:   0
PRETRIAL JAIL:     194   DELNQNT TIME:      0        EXT YEARS:  0
PRETRIAL BHVR:       0    STREET TIME:      0       EXT MONTHS:  0
MAXIMUM SENTENCE:  15 YEARS   0 MONTHS    0 DAYS    EXT DAYS:    0
MINIMUM SENTENCE:   0 YEARS   0 MONTHS    0 DAYS


COUNTY/JURIS: FENTRESS            YR: 2012 CASE #: 1223        COUNT: 16
OFFENSE: RAPE OF A CHILD
OFFENSE DATE: 01/01/2001    WAIVER DATE:            SID: 09/24/2012
    BOP DATE:           CUSTODIAL PAROLE:          CONVICTION CLASS: A
SENTENCE LAW: 1194
SENTENCE OFFENDER TYPE:                       RANGE PERCENT:  0.0
      BEHAVIOR:      0   PPSC CREDITS:      0      NET LOSS GCC:     0
       PROGRAM:      0      DEAD TIME:      0 DISCIPLINARY EXT %:   0
PRETRIAL JAIL:     194   DELNQNT TIME:      0        EXT YEARS:  0
PRETRIAL BHVR:       0    STREET TIME:      0       EXT MONTHS:  0
MAXIMUM SENTENCE:  15 YEARS   0 MONTHS    0 DAYS    EXT DAYS:    0
MINIMUM SENTENCE:   0 YEARS   0 MONTHS    0 DAYS
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| **RICKY HARRIS,** | ) |
| **RANDY JONES,** | ) |
| **RONNIE ARMSTRONG,** | ) |
| **JACK NUNLEY,** | ) |
| **RAYMOND TEAGUE,** | ) |
| **MICHAEL STEWART,** | ) |
| **JOHN BOATFIELD,** | ) |
| **STACY RAMSEY,** | ) |
| **CHARLES MOSLEY,** | ) |
| **WILLIAM LEDFORD,** | ) |
| **BRUCE SMILEY,** | ) |
| **LAMONT JOHNSON,** | ) |
| **ANDREW MANN,** | ) |
| **EDDIE MURPHEY, et al.,** | ) |
| **ON BEHALF OF THEMSELVES** | ) |
| **AND ALL OTHER PRISONERS** | ) |
| **UNDER THE JURISDICTION OF** | ) |
| **THE TENNESSEE DEPARTMENT** | ) |
| **OF CORRECTION,** | ) |
| **STATE OF TENNESSEE,** | ) |
| **SIMILARLY SITUATED,** | ) |
| **PLAINTIFFS,** | ) |
| | ) |
| **VS.** | ) **CASE #** _____ |
| | ) **HONORABLE** _____ |
| **STATE OF TENNESSEE,** | ) |
| **TENNESSEE BOARD OF PAROLE,** | ) **JURY TRIAL DEMAND** |
| **TENNESSEE DEPARTMENT** | ) |
| **OF CORRECTION,** | ) |
| **CANDICE WISEMAN, DIRECTOR** | ) |
| **OF SENTENCE MANAGEMENT** | ) |
| **INFORMATION SERVICES, et al.,** | ) |
| **RESPONDENTS.** | ) |

## MOTION FOR CLASS CERTIFICATION

Pursuant to Federal Rules of Civil Procedure Rule 23, Plaintiffs move this court to enter an

order determining that this action may be maintained as a class action.

32

In support of this motion, plaintiffs incorporate the allegations of paragraphs one of the Class Action Status through Five of Class Action Status of their complaint in this action, demonstrating compliance with all the requirements of Rule 23, and with the requirements of subdivision (b)(1)(A) and (B) of Rule 23 for maintaining a class action under that subdivision.

*Ricky Harris*

Ricky Harris, 121445
1045 Horsehead Lane
Pikeville, TN 37367

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| **RICKY HARRIS,** | ) |
| **RANDY JONES,** | ) |
| **RONNIE ARMSTRONG,** | ) |
| **JACK NUNLEY,** | ) |
| **RAYMOND TEAGUE,** | ) |
| **MICHAEL STEWART,** | ) |
| **JOHN BOATFIELD,** | ) |
| **STACY RAMSEY,** | ) |
| **CHARLES MOSLEY,** | ) |
| **WILLIAM LEDFORD,** | ) |
| **BRUCE SMILEY,** | ) |
| **LAMONT JOHNSON,** | ) |
| **ANDREW MANN,** | ) |
| **EDDIE MURPHEY, et al.,** | ) |
| **ON BEHALF OF THEMSELVES** | ) |
| **AND ALL OTHER PRISONERS** | ) |
| **UNDER THE JURISDICTION OF** | ) |
| **THE TENNESSEE DEPARTMENT** | ) |
| **OF CORRECTION,** | ) |
| **STATE OF TENNESSEE,** | ) |
| **SIMILARLY SITUATED,** | ) |
| **PLAINTIFFS,** | ) |
| | ) |
| **VS.** | ) **CASE # _____** |
| | ) **HONORABLE _____** |
| **STATE OF TENNESSEE,** | ) |
| **TENNESSEE BOARD OF PAROLE,** | ) **JURY TRIAL DEMAND** |
| **TENNESSEE DEPARTMENT** | ) |
| **OF CORRECTION,** | ) |
| **CANDICE WISEMAN, DIRECTOR** | ) |
| **OF SENTENCE MANAGEMENT** | ) |
| **INFORMATION SERVICES, et al.,** | ) |
| **RESPONDENTS.** | ) |

## MOTION FOR APPOINTMENT OF COUNSEL

Comes now, the Plaintiffs, pro se and respectfully request this court to appoint competent

counsel to represent the class. In support of this motion the Plaintiffs submit:

1.  Plaintiffs are without funds to retain counsel due to their incarceration;

2.  As pro se prisoners Plaintiffs are inadequate to represent the interest of their fellow inmates in a class action; and

3.  Pursuant to Federal Rules of Civil Procedure Rule 23(g), Plaintiffs move for appointment of counsel.

4.  Since this class action is too complex for a pro se prisoner to handle, counsel must be appointed.

Respectfully submitted on this the $\underline{14^{th}}$ day of February, 2019.

Ricky Harris, 121445
1045 Horsehead Lane
Pikeville, TN 37367

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | |
|---|---|
| **RICKY HARRIS,** | ) |
| **RANDY JONES,** | ) |
| **RONNIE ARMSTRONG,** | ) |
| **JACK NUNLEY,** | ) |
| **RAYMOND TEAGUE,** | ) |
| **MICHAEL STEWART,** | ) |
| **JOHN BOATFIELD,** | ) |
| **STACY RAMSEY,** | ) |
| **CHARLES MOSLEY,** | ) |
| **WILLIAM LEDFORD,** | ) |
| **BRUCE SMILEY,** | ) |
| **LAMONT JOHNSON,** | ) |
| **ANDREW MANN,** | ) |
| **EDDIE MURPHEY,  et al.,** | ) |
| **ON BEHALF OF THEMSELVES** | ) |
| **AND ALL OTHER PRISONERS** | ) |
| **UNDER THE JURISDICTION OF** | ) |
| **THE TENNESSEE DEPARTMENT** | ) |
| **OF CORRECTION,** | ) |
| **STATE OF TENNESSEE,** | ) |
| **SIMILARLY SITUATED,** | ) |
| **PLAINTIFFS,** | ) |
| | ) |
| **VS.** | ) **CASE #** _____ |
| | ) **HONORABLE** _____ |
| **STATE OF TENNESSEE,** | ) |
| **TENNESSEE BOARD OF PAROLE,** | ) **JURY TRIAL DEMAND** |
| **TENNESSEE DEPARTMENT** | ) |
| **OF CORRECTION,** | ) |
| **CANDICE WISEMAN, DIRECTOR** | ) |
| **OF SENTENCE MANAGEMENT** | ) |
| **INFORMATION SERVICES,  et al.,** | ) |
| **RESPONDENTS.** | ) |


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS
## MOTION FOR APPOINTMENT OF COUNSEL

36

## STATEMENT OF THE CASE

This civil rights case filed under 42 U.S.C. § 1983 by state prisoners and asserting claims for unconstitutional sentence statues, sentencing calculations, and the unconstitutional actions of the Board of Parole. The Plaintiffs seek injunctive and declaratory relief to ensure constitutional adherence of sentence statues, sentencing calculations, and Board of Parole operation pertaining to parole of prisoners.

The State of Tennessee has enacted numerous sentence statutes from 1970 through 2019, whether complete sentencing acts or amendments as to have such a complex and convoluted sentencing scheme in which judges and lawyers much less a layperson can decipher or understand. With such complex sentencing, the Department of Correction has failed to properly calculate prisoners' sentences.

The Board of Parole continually violates Tennessee law and shows favoritism in how prisoners are treated in parole consideration and granting of parole, and thereby violation of the Plaintiffs' U.S. Constitutional rights.

## ARGUMENT

## THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFFS

In deciding whether to appoint counsel for indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to pres4ent his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991)(citation omitted). In addition, courts have suggested that the most important factor is whether the case appears to have merit. *Carmona V. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2nd Cir. 2000). Each of these factors weighs in favor of appointment of counsel in this case.

37

1.   *Factual complexity.*   The Plaintiff's allege that Tennessee's Sentencing statutes are so convoluted and complex that they violate all Tennessee prisoner's constitutional rights. Furthermore, Tennessee Department of Correction's sentence calculations are not in accordance to Tennessee law which violates Plaintiff's constitutional rights to due process and equal protection.

The Tennessee Board of Parole deliberately shows indifference and equal protection in their parole hearing and decisions.   The Board deliberately violates state statues without accountability.

In addition, the Plaintiffs' claims involve denial of U.S. Constitutional rights and as Tennessee's appellate judges have stated, the sentencing statues are so complex that it would take an attorney or judge specialized in this field to understand them.   Therefore, due to such complexity, requires expert testimony supports the appointment of counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 503-04 (3rd Cir. 2002); *Moore v. Mabus*, 976 F.2d 268, 272 (5th Cir. 1992); *Jackson v. County of Mclean*, 953 F.2d 1070, 1073 (7th Cir. 1992).

2.   *The Plaintiffs' ability to investigate.*   The Plaintiffs' are incarcerated and have very limited access to conduct legal research.   The Plaintiffs' are restricted from gathering internal guidelines relating to sentencing computation and sentencing structuring.   The Board of Parole denies access to its operational policies except for the very few which are placed in the institutional law which are placed in the institutional law libraries.   It is impossible for the Plaintiffs to obtain statistical reports.   Due to the Plaintiffs' lack of legal experience and the complex discovery rules clearly put them at a disadvantage in countering the Defendant's discovery tactics prevents Plaintiffs' form presenting an effective case . See *Parham v. Johnson*, 126 F.3d 454, 459 (3rd Cir. 1997).

3. *The ability of the indigent to present their claim.* The plaintiffs are indigent prisoners with no legal training, a factor that supports the appointment of counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

4. *Legal complexity.* Due to the state's sentencing statutes and sentencing scheme being so complex and convoluted it is impossible for the Plaintiffs to adequately address and present the claims.

The large number of defendants, some of whom are supervisory officials, presents legal complex legal issues of determining which defendants are sufficiently personally involved in the constitutional violations to be held liable. *Hendericks v. Coughlin*, 114 F.3d 390, 394 (2nd Cir. 1997)(holding complexity of supervisory liability supported appointment of counsel). In addition, Plaintiffs have asked for a jury trial, which requires much greater legal skill that the Plaintiffs' have or can develop. *Solis v. County of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008)(prisoner with eight grade education and no legal training is "ill-suited" to conduct a jury trial).

5. *Merits of the case.* The Plaintiffs' allegations, if proved, clearly would establish constitutional violations. On its face, then, this is a meritorious case.

## CONCLUSION

For the foregoing reasons, the court should grant the Plaintiff's motion and appointment of counsel in this case.

Respectfully submitted this the 14th day of February, 2019

Ricky Harris, 121445
Representative of Plaintiffs
1045 Horsehead Lane
Pikeville, TN 37367

39

## PROOF OF SERVICE

I hereby certify that a true and exact copy of the foregoing class action complaint under 42 U.S.C. §1983 for injunctive and Declaratory relief, Motion for Class Certification, Motion for Appointment of Counsel, and Summons has been sent by first Class, U.S. Mail, postage prepaid to:

Mr. Herbert Harrison Slatery III
Attorney General for the State of Tennessee
301 6th Avenue North
P.O. Box 20207
Nashville, TN 37243-0465

Ms. Candice Wiseman
Directory of Sentence Management Services
Rachel Jackson Building, 6th Floor
320 Sixth Avenue, North
Nashville, TN 37243-1465

Tony Parker, Commissioner
Rachel Jackson Building, 6th Floor
320 Sixth Avenue, North
Nashville, TN 37243-1465

Tennessee Board of Parole
404 James Robertson, Parkway
Parkway Towers, Suite 1310
Nashville, TN 37243-085

On this the 19th day of February, 2019.

Ricky Harris

Randy Jones, 120234
1045 Horsehead Lane
Pikeville, TN 37367

Mr. Keith Throckmorton
Clerk of Court
US District Court
801 Broadway, Rm. 800
US Courthouse
Nashville, TN 37203



THE DEPARTMENT OF CORRECTIONS BCCX HAS NEITHER INSPECTED NOR CENSORED AND IS NOT RESPONSIBLE FOR THE CONTENTS

RECEIVED
FEB 1 9 2019
FEB 2 0 2019
BCCX MAILROOM
OUTGOING

