IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKY HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 3:19-cv-00174 CH ~~3:18-cv-00174~~ |
| | ) |
| CANDICE WHISMAN, in her official | ) JUDGE RICHARDSON |
| Capacity as Director of Sentence | ) JURY DEMAND |
| Management Services for the TENNESSEE | ) CLASS ACTION |
| DEPARTMENT OF CORRECTION, | ) |
| | ) |
| Defendant. | ) |

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendant, Candice Whisman, Director of Sentence Management Services for the Tennessee Department of Correction, has moved to dismiss Plaintiff's Second Amended Complaint stating "Section 1983 is an improper vehicle for Plaintiff to challenge his sentence calculation or request sentencing credits." Defendant further states that Plaintiff has also "failed to seek a declaratory order from the Davidson County Chancery Court as required under the Uniform Administrative Procedures Act." (Docket No. 177). This motion should be denied.

The Defendant has already addressed these issues in a previous motion (Docket No. 79), which was denied by this Court (Docket No. 96). The Defendant has two basic arguments in support of dismissal. First, Section 1983 is an improper vehicle to challenge sentence calculations or requesting sentencing credits. Plaintiff is not challenging either his sentence calculation nor is

1

he requesting sentence credits. Second, Defendant claims once again that Plaintiff did not exhaust available state remedies before bringing suit. None of these arguments have merit.

With respect to the first argument, this Court has already considered whether Plaintiff stated any viable claims for relief under 42 U.S.C. § 1983 and found that he has. As required by the Prison Litigation Act ("PLRA"), 28 U.S.C. § 1915A, the Court conducted a preliminary review of Plaintiff's complaint to determine whether it was "frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." Docket No. 35 at 1). The Court dismissed certain claims and certain defendants, and in fact specifically noted — just as Defendant argues here — that Plaintiff could not use 42 U.S.C. § 1983 to seek "immediate release or a speedier release." (Docket No. 35 at 9) (quoting *Wershe v. Combs*, 763 F.3d. 500, 504 (6th Cir. 2014). But, the Court nonetheless concluded that Plaintiff has stated several viable claims for relief and declined to dismiss Plaintiff's case. That conclusion was correct, and nothing in the Defendant's argument with respect to cognizable claims under § 1983 supports any contrary result.

Plaintiff's claim is not challenging sentence calculations nor is he complaining about the award of sentence credits. Plaintiff's claim is based on how the Defendant's policies and procedures in failing to follow state law in calculating sentences and contrary to Plaintiff's constitutional rights as presented in Plaintiff's Second Amended Complaint. Furthermore, Plaintiff is not complaining about not receiving sentence credits. Plaintiff has received all statutorily mandated sentence credits. Defendant's policies and procedures are in violation of state law and against Plaintiff's constitutional rights regarding Plaintiff's accrued sentence credits.

Plaintiff challenges Defendant's processes and procedures for questioning sentence calculations. "[A]s a general proposition, ... the Eighth and Fourteenth Amendment may be

2

Case 3:19-cv-00174    Document 179    Filed 08/05/24    Page 2 of 8 PageID #: 3103

implicated when a prisoner is detained beyond his jail sentence." *Beil v. Lake Erie Corr. Records Dep't*, 282 F. App's 362, 368 (6th Cir. 2008) (collecting cases). Thus, a prisoner may state "a viable due process claim" by "challeng[ing his] state's procedures for addressing requests for sentence recalculations." *See Russell v. Lazar*, 300 F.Supp.2d 716, 722 (E.D. Wis. 2004).

Given "'the importance and fundamental nature' of the individual's right to liberty," the Supreme Court has recognized that incarceration "for any purpose constitutes a significant depravation of liberty that requires due process protection.'" *See Foucha v. Louisiana*, 504 U.S. 71, 80 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992). These "due process protections extend to the right to timely release from incarceration." *Porter v. Epps*, 659 F.3d. 440, 445 (5th Cir., 211).

Calculating accrued time reduction credits is not a speedier release or shorter duration as pertaining to this case, because Plaintiff has already received his time reduction credits. Plaintiff complains of the process and procedures the Defendant uses in refusing to calculate those accrued time reduction credits into his sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014); *Snyder v. Hill*, 878 F.3d 193, 209-10 (6th Cir. 2017). "An award of good time credit does not affect the length of a court-imposed sentence, but rather, it is an administrative award 'to provide an incentive for prisoner to 'comp[y] with institutional disciplinary regulations.' 'Such credits may be revoked at any time before the date of a prisoner's release.'" *Bear Cloud v. State of Wyoming*, 334 P.3d 132, 2014 WY 113, n. 4 (WY 2014); quoting *Pepper v. United States*, 560 U.S. 476, 480, 131 S.Ct. 1229, 1248, n. 14, 179 L.Ed.2d 196 (2011) (quoting *Barber v. Thomas*, 560 U.S. 474, 482, 130 S.Ct. 2499, 2505, 177 L.Ed.2d 1 (2010)).

The Defendant's formula and process of denying the application of Plaintiff's accrued time reduction credits runs afoul of the Due Process Clause of the Fourteenth Amendment because

3

it constricts Plaintiff's opportunity for a meaningful release, and thereby made more onerous the punishment of Plaintiff. Defendant's cancellation of provisional time reduction credits has the effect of increasing Plaintiff's punishment against the Due Process Clause of the Fourteenth Amendment, and in violation of state statute.

Defendant claims that Plaintiff is challenging the validity of his conviction and sentence. This claim cannot be any further from the truth. Not once has Plaintiff stated that his conviction or sentence is invalid. Plaintiff does, however maintain that the sentencing statutes governing Class X life sentences are vague. This is proven by the various rulings over the past thirty years by the Tennessee courts issuing various opinions as to the length of the Class X life sentence. See a more detailed argument in Plaintiff's Second Amended Complaint.

With respect to Defendant's second argument, that Plaintiff failed to exhaust available state remedies, the case law interpreting § 1983 contains no such requirement for the substantive constitutional violations Plaintiff has alleged. Accordingly, Plaintiff's purported failure to exhaust state remedies should not and does not bar him from pursuing his claims in this § 1983 litigation.

The Sixth Circuit held that in procedural due process cases, when there is an adequate state remedy, a § 1983 action cannot be maintained. *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), *rehearing en banc denied*, 730 F.2d 466 (6th Cir. 1984), however when there has been a substantive due process violation resulting from the aggravated conduct of the state actor, despite the availability of state remedies, no such state remedy will be found adequate to compensate the plaintiff for the deprivation of his right to substantive due process, thus justifying the maintenance of a § 1983 cause of action. *Wilson v. Beebe*, 743 F.2d 342 (6th Cir. 1984); *see also Haag v. Cuyahoga County*, 619 F.Supp. 262 (N.D. Ohio 1985). Due to the Defendant's violation of Plaintiff's substantive due process rights, he must be allowed to proceed.

4

A case involving a violation of an express constitutional right to state remedy need not be first sought and refused before § 1983 may be invoked. In other words, it is not necessary to exhaust state remedies as a condition precedent to maintaining a § 1983 action. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). In Plaintiff's case the state has not established post deprivation remedy that adequately affords Plaintiff his substantive due process.

A § 1983 action alleging a violation of an express constitutional right may be pursued in the federal courts. If, however, a § 1983 action alleges a substantive due process violation, wherein the state actor's conduct is "abhorrent" or "shocks the conscience," then regardless of the available state tort remedies, the action rises to the level of a constitutional tort and a § 1983 action may be brought in the federal courts. *Wilson v. Beebe, supra*; Also see *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). As presented herein, the Defendant, a state actor, is violating Plaintiff's constitutional rights by failing to follow statutory law. Her actions in violating statutory law are abhorrent and shocks the conscience.

Defendant has failed to address any of the issues presented in the original Complaint and this Amended Complaint. Defendant has filed numerous motions for extension of time to respond, however Defendant has failed to file any response as of this date. Plaintiff has and continues to have his constitutional rights violated for the past five and one-half years while Defendant, by delaying this case deliberately continues to implement unconstitutional policies and procedures to cause irreparable harm to Plaintiff.

For these reasons, set out in Plaintiff's previous Response in Opposition to Defendant's Motion to Dismiss (Docket No. 83) and this Court's previous order denying Defendant's motion to dismiss (Docket No. 96), Defendant's motion to dismiss is another stall tactic, is without merit, and should be DENIED by this Court.

## CONCLUSION

For the reasons set forth above, Plaintiff has adequately alleged claims that are properly pursued in this civil rights action under 42 U.S.C. § 1983. Defendant's claims to the contrary are without merit, and her Motion to Dismiss should be accordingly DENIED.

Respectfully submitted,

Date: July 30, 2024.

*Ricky Harris*
Ricky Harris
TDOC ID Number 00121445
1045 Horsehead Lane
Pikeville, TN 37367


## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the forgoing has been filed by placing it in the BCCX institutional mailbox, U.S. mail, postage prepaid to:

> Donna L. Green and
> Adam Nicholas Tune
> Assistant Attorney Generals
> PO Box 20207
> Nashville, TN 37202

on this the 30th day of July, 2024.

*Ricky Harris*
Ricky Harris

Ricky Harris, 00121445
1045 Horsehead Lane
Pikeville, TN 37367-7432

RECEIVED
AUG 05 2024
U.S. District Court
Middle District of TN

CHATTANOOGA TN 373
31 JUL 2024 PM 2 L

MS LYNDA HILL
CLERK OF COURT
US DISTRICT COURT
719 CHURCH ST STE 1300
NASHVILLE TN 37203



THE DEPARTMENT OF CORRECTIONS BCCX HAS NEITHER INSPECTED NOR CENSORED AND IS NOT RESPONSIBLE FOR THE CONTENTS

BCCX Mailroom Outgoing
Received
JUL 30 2024