IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKY HARRIS,  )  <br>      Plaintiff,  )  <br>  )  <br>v.  )  <br>  )  <br>CANDACE WHISMAN,  )  <br>      Defendant.  ) | Case No. 3: 19-cv-00174 <br> Judge Richardson/Frensley |

## REPORT AND RECOMMENDATION

This pro se 42 U.S.C. §1983 action is before the court on sole remaining defendant Candace Whisman's motion to dismiss for failure to state a claim (Docket No. 177) and Plaintiff Ricky Harris's motions for discovery and other matters. Docket Nos. 165-69. Plaintiff opposes the motion to dismiss, and the motion is ready for disposition. After reviewing the record and the briefs, the undersigned recommends that Defendant's motion to dismiss be **GRANTED.** The Plaintiff's motions will be addressed by separate order.

### I. BACKGROUND

Tennessee inmate Ricky Harris and others filed this 42 U.S.C. §1983 action against defendant Candace Whisman, former Director of Sentence Management Information Services for the Tennessee Department of Corrections (TDOC), and others, asserting that Tennessee's statutes regarding life sentences and calculating sentence credits are unconstitutionally vague in violation of their rights to due process, and that the TDOC's process for addressing a prisoner's request to recalculate his sentence violates the due process clause and the Eighth Amendment. Docket No. 36, generally. Plaintiff sues Whisman in her official capacity only. Plaintiff has been assisted by court-appointed counsel during periods of this litigation but is currently proceeding pro se. Harris,

sole remaining plaintiff, alleges the following in his 46-page, second amended complaint.[1] He is currently housed at Bledsoe County Correctional Complex. Docket No. 164, p. 7. Whisman had broad responsibility for calculating sentences for TDOC prisoners and setting and overseeing those sentence calculation procedures. *Id.* at p. 6.

On March 1, 1988, Harris was convicted of first-degree murder, and on May 4, 1988, was sentenced to life in prison with the possibility of parole. Docket No. 164, pp. 9-10, 22, Docket No. 164-1, p. 3. Plaintiff alleges he was tried and convicted under the Class X Felonies Act of 1979, Criminal Sentence Reform Act of 1982, Judge Sentencing Act of 1982, and the Tennessee Comprehensive Improvement Act of 1985. *Id.*, p. 10. He alleges that Tennessee relies on a web of sentencing and parole statutes, many of which incorporate each other by reference. *Id.* He alleges that none of the four Acts state with sufficient clarity the consequences of violating a given criminal statute. *Id.*, p. 10

Plaintiff alleges that he has asked Whisman to calculate or recalculate his sentence, but she refused to do so. Docket No. 164, p. 13. Plaintiff alleges that Whisman has failed to properly calculate life sentence credits to reduce the expiration dates of his sentence and failed to list expiration dates on his inmate sentence summary sheet. *Id.*, at pp. 5, 13.

Plaintiff alleges that Whisman has calculated his sentence length--as an individual sentenced to life in prison--and calculated sentence credits pursuant to a statutory system that is unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment.

---

[1] A review of the record shows that the complaint now before the court is Plaintiff's third amended complaint. Plaintiff filed his original complaint on February 22, 2019. Docket No. 1. The court granted Plaintiff leave to file an amended complaint, Docket No. 69, and Harris filed an amended complaint on January 11, 2021. Docket No. 72. Plaintiff then filed a second amended complaint on September 18, 2023. Docket No. 143. Plaintiff filed the instant complaint on June 7, 2024. Docket No. 164.

Docket No. 164, pp. 11-14. He further alleges that the TDOC, through Whisman, has not maintained an adequate process for addressing a prisoner's requests to recalculate his sentence in violation of the Fourteenth Amendment's Due Process Clause and the Eighth Amendment's prohibition against cruel and unusual punishment. *Id.*, at p. 17-22. He alleges there is no question that his life sentence is a determinate sentence, and that Defendant's processes and procedures are not adhering to statute. *Id.*, p. 17.

For relief, Plaintiff seeks, among other things, declaratory and injunctive relief that would require Defendant to recalculate his sentence to include newly applied sentencing credits. *Id.*, pp. 40-43.

Defendant now moves to dismiss on the basis that habeas corpus relief is the exclusive remedy for Plaintiff's claim. Docket No. 178. Defendant contends §1983 is not the appropriate vehicle for an inmate to challenge his sentence calculation or request sentencing credits. Defendant argues that any such requests must first be made pursuant to the procedures set forth in the Uniform Administrative Procedures Act ("UAPA"), which Plaintiff has failed to do, specifically, Plaintiff has not previously sought a declaratory order from the state Chancery Court.

The undersigned agrees.

## II. DISCUSSION

When ruling on a motion to dismiss under Rule 12(b)(6), the court construes the record in the light most favorable to the non-moving party and accepts all well-pleaded factual allegations as true. *See Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 274 (6th Cir. 2010). While a complaint will survive a motion to dismiss if it contains "either direct or inferential allegations respecting all material elements" necessary for recovery under a viable legal theory, this court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal

conclusions masquerading as factual allegations will not suffice." *Id.* at 275-76 (citation and quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions...." *Republic Bank & Trust Co. v. Bear Stearns & Co., Inc.*, 683 F.3d 239, 246-47 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Rather, '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 247 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)).

A.  **Section 1983**

Plaintiff challenges both the calculation of his sentence and the application of sentencing credits. The gist of his complaint is the specific amount of time he believes he must serve. Docket No. 164, pp. 1115. Plaintiff contends the TDOC has miscalculated his sentence because they have neither issued him an appropriate expiration date, *Id.* pp. 12, 16, 18, 25, 27, 29, 31, 33-34, nor have they applied the appropriate credits to his sentence. *Id.* pp. 29-30, 38.

In his opposition to defendant's motion, Plaintiff asserts that the relief he seeks would not necessarily affect the duration of his sentence. Docket No. 179, p. 2. He claims he is not challenging his sentence calculation or complaining about the award of sentence credits. He states his claim is based on how Defendant's policies and procedures fail to follow state law in calculating sentences and violate his constitutional rights with respect to his accrued sentence credits. *Id.* He states he is not complaining about not receiving sentence credits and that he has received all statutorily mandated sentence credits. *Id.*

An action under §1983 is not the appropriate vehicle for the type of challenge Plaintiff is presenting, however. *See Wilson v. Rutherford Cnty. Det. Ctr.*, No. 3:19-CV-00570, 2019 WL 3574286, at *2 (M.D. Tenn. Aug. 6, 2019) (habeas corpus relief is the exclusive remedy for a claim

of improper sentence calculation due to improperly applied sentencing credits.) "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a [Section 1983] complaint." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). "Courts have long struggled to mark the appropriate boundary between these two statutes, as 'it is sometimes difficult to draw the line' between them." *Kitchen v. Whitmer*, 106 F.4th 525 (6th Cir. 2024) (quoting *Dist. Att'y's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 76 (2009) (Alito, J., concurring)).

In *Kitchen*, the Sixth Circuit very recently detailed the Supreme Court's 50-year history involving the interplay between habeas relief and § 1983, and it is worth repeating here.

> The Court first confronted the interplay of §1983 and habeas in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). When state prisoners used §1983 to challenge the deprivation of their good-conduct-time credits, which would cause their immediate release if restored, the Court acknowledged the "broad language of [§] 1983" but held that inmates must bring their claims under habeas for three reasons. *Id.* at 476–77, 489, 93 S.Ct. 1827. First, the language of the habeas statute is "more specific" than § 1983. *Id.* at 489, 93 S.Ct. 1827. Second, after reviewing the history of the writ of habeas corpus, the Court concluded that "in each case" where a prisoner's "grievance is that he is being unlawfully subjected to physical restraint," habeas "has been accepted as the specific instrument to obtain release from such confinement." *Id.* at 486, 93 S.Ct. 1827. Third, because §1983 does not require exhaustion of state-law remedies, allowing claims to proceed under §1983 raised "federal–state comity" concerns. *Id.* at 491, 93 S.Ct. 1827. These reasons led the Court to hold that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500, 93 S.Ct. 1827; *see also Wilkinson v. Dotson*, 544 U.S. 74, 78–79, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (summarizing that "considerations of linguistic specificity, history, and comity led" the *Preiser* Court to hold that claims covered by habeas cannot be brought under § 1983).

> The Supreme Court later elaborated on this holding in *Heck*. There, a state prisoner brought a §1983 claim seeking damages—but not release from custody—against state officials who allegedly targeted him with an "unlawful, unreasonable, and arbitrary investigation." 512 U.S. at 479, 114 S.Ct. 2364 (citation omitted). In its key holding, the Court explained that "when a state prisoner seeks damages in

a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487, 114 S.Ct. 2364. The Supreme Court spoke clearly: If a successful claim "would necessarily imply the invalidity" of the "conviction or sentence," then "the complaint must be dismissed." *Id.* Because a successful unlawful investigation claim would "challenge[ ] the legality of the conviction," the claim needed to go through habeas instead of § 1983. *Id.* at 490, 114 S.Ct. 2364.

That brings us to *Wilkinson*, the most recent Supreme Court case to address this issue at length. The two prisoners in *Wilkinson* requested parole, which the parole board denied. 544 U.S. at 76–77, 125 S.Ct. 1242. In denying parole, however, the board applied "parole guidelines first adopted in 1998," which came after the prisoners "began to serve" their terms. *Id.* They both asked a federal district court to conclude that the use of the 1998 guidelines violated the Due Process Clause and the Ex Post Facto Clause and sought an injunction that ordered a new parole hearing under constitutionally proper procedures. *Id.* at 77, 125 S.Ct. 1242.

To begin its analysis, the Supreme Court surveyed the cases discussed above and reasoned that, throughout the "legal journey from *Preiser*" onward, "the Court has focused on the need to ensure that state prisoners use only habeas corpus" when "they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81, 125 S.Ct. 1242. A §1983 action is thus barred "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–82, 125 S.Ct. 1242. Applying that rule, the Supreme Court held that plaintiffs' claims were "cognizable under § 1983" because neither prisoner sought "an injunction ordering his immediate or speedier release," and "a favorable judgment" would "not necessarily imply the invalidity of their convictions or sentences." *Id.* at 82, 125 S.Ct. 1242 (cleaned up).

Our circuit applied this rule in two cases relevant here. In *Wershe v. Combs*, a state prisoner's "initial opportunity for parole was denied after a public hearing in 2003," and the board decided not to consider him for parole again until 2017. 763 F.3d 500, 502 (6th Cir. 2014). The prisoner alleged that he was procedurally given only cursory consideration. *Id.* At 505-06 (complaining of "perfunctory consideration," the parole board's failure to interview him, and its refusal to explain its reasoning). The prisoner brought a §1983 suit against Michigan Parole Board members "alleging that the parole consideration process did not afford him a meaningful opportunity for release," *id.* at 502, essentially bringing a claim under *Graham*. Rather than challenge a specific statute, the prisoner challenged parole procedures and administration: The inmate "does not seek direct release from prison or a shorter sentence; he seeks a change in the procedures used to determine whether he is eligible for parole." *Wershe*, 763 F.3d at 504. Because success would "not necessarily affect the duration of his sentence because prison officials would retain discretion regarding whether to grant him parole," the *Heck* line of cases did not

6
Case 3:19-cv-00174    Document 185    Filed 11/12/24    Page 6 of 10 PageID #: 3138

bar the §1983 claim. *Id.* (quoting *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007)).

Three years later, this court addressed a similar question in *Hill v. Snyder*, 878 F.3d 193 (6th Cir. 2017). The plaintiffs in *Hill* asserted that Michigan's "policies and procedures governing access to prison programming and parole eligibility, consideration, and release deny them a meaningful opportunity for release on parole before the end of their natural lives." *Id.* at 209 (internal quotation marks omitted). The *Hill* court noted that "claims that ordinarily fall within the scope of §1983 are unavailable to prisoners if they necessarily imply the invalidity of a conviction or sentence." *Id.* at 207 (cleaned up). And the "word 'necessarily' must not be ignored—if invalidation of a conviction or speedier release would not automatically flow from success on the §1983 claim, then the *Heck* doctrine is inapplicable." *Id.* The court then reasoned that, because the prisoners "do not seek direct release from prison or a shorter sentence, but instead seek an examination" of the parole "policies and procedures," this "circuit has already expressly found such challenges cognizable under § 1983." *Id.* at 210.

A clear and consistent two-part rule emerges from this precedential backdrop. Prisoners can "use only habeas corpus" if "they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81, 125 S.Ct. 1242. So prisoners can "proceed under § 1983" if (1) they do not seek an "injunction ordering immediate or speedier release into the community," and (2) "a favorable judgment would not necessarily imply the invalidity of their convictions or sentences." *Skinner*, 562 U.S. at 533–34, 131 S.Ct. 1289 (cleaned up). The Supreme Court most recently summarized it this way: The "simplest cases" for when a claim must be brought through habeas "arise when an inmate, alleging a flaw in his conviction or sentence, seeks immediate or speedier release from prison," but the "[s]lightly less obvious" cases occur "when the relief he seeks would 'necessarily imply the invalidity of his conviction or sentence.' " *Nance v. Ward*, 597 U.S. 159, 168, 142 S.Ct. 2214, 213 L.Ed.2d 499 (2022) (quoting *Heck*, 512 U.S. at 481, 487, 114 S.Ct. 2364). These less obvious cases nevertheless "lie within the core of habeas corpus." *Id.* at 167, 142 S.Ct. 2214 (internal quotation marks omitted).

With this legal rule in mind, we turn to this case. The district court below—and now Kitchen on appeal—reason that Kitchen's requested relief would not necessarily lead to an early release from prison, so Kitchen can bring his claim under § 1983. R.31, pp.4–5, PageID 153–54; Appellee Br. at 19–20. Defendants disagree. They contend that it is "flawed" to focus on whether Kitchen will get an early release because it ignores whether success for Kitchen would necessarily imply the invalidity of his sentence. Appellants Br. at 47, 49–53. And Defendants believe there is "no way for Kitchen to challenge Michigan's parole jurisdiction statute" without "invalidating his underlying criminal sentence." *Id.* at 32.

> Defendants have the better argument. We hold that Kitchen's claim must be brought through habeas for two reasons. First, the district court focused solely on whether a successful claim would spell an early release for Kitchen and overlooked whether the claim implicates the validity of his sentence. Second, once we apply the correct legal test, we see that Kitchen's claim would necessarily imply the invalidity of his sentence if successful. The relief granted by the district court and its own reasoning demonstrate this very point.
>
> First, the correct legal test. As mentioned, the district court analyzed only whether Kitchen's requested relief would lead to a quicker release and ignored the question of invalidity, an essential part of the Supreme Court's test. Indeed, our court has emphasized that a focus *only* on whether a challenge will lead to a speedier release is a "crabbed reading" of Supreme Court caselaw. *Sampson v. Garrett,* 917 F.3d 880, 882 (6th Cir. 2019) (criticizing *Fuller v. Nelson*, 128 F. App'x 584, 586 (9th Cir. 2005), because *Fuller* reasoned that *Heck* does not apply when the requested relief would not yield immediate release). The Supreme Court does "not consider *Heck* inapplicable *only* because the claims' success would not mean release." *Id.* (citing *Wilkinson*, 544 U.S. at 82, 125 S.Ct. 1242). Rather, the Supreme Court has "emphasized" that "new parole procedures (or even a grant of parole for that matter) would not imply the invalidity of the prisoners' original sentences." *Id.* (citing *Wilkinson*, 544 U.S. at 83–84, 125 S.Ct. 1242). *Sampson* thus clarifies that courts must consider *both* speedier release *and* invalidation of the sentence to remain faithful to Supreme Court guidance.

*Kitchen,* 106 F. 4th at 525, 537-40.

Defendant counters that like *Kitchen*, Plaintiff has attempted to satisfy only one part of the Supreme Court's test and he ignores the question of the validity of his conviction or sentence. Defendant notes Plaintiff alleges that Defendant's alleged actions have denied him both a "timely release" or a "meaningful opportunity for release." Docket No. 164, pp. 17-19.

As outlined above in *Kitchen*, habeas is the exclusive remedy for any such claims implying an unlawfulness of custody.

Here, Plaintiff seeks an injunction ordering speedier release by reducing his sentence expiration date by application of sentencing credits. Docket No. 164, p. 42. Granting his requested injunction to recalculate his sentence by applying certain credits would necessarily imply the

invalidity of the TDOC's current sentence calculation. Plaintiff's §1983 claim fails both prongs of the *Kitchen* test and thereby fails to state a claim for relief.

B.      **Failure to Exhaust**

Defendant also contends Plaintiff's complaint should be dismissed for failure to exhaust state remedies because he has not filed a petition for declaratory judgment in the Davidson County Chancery Court. The undersigned agrees.

In Tennessee, an inmate seeking to challenge the award of post-judgment sentence reduction credits, including "good time" or behavior credits, for example, must follow the procedures set forth in the Uniform Administrative Procedures Act ("UAPA"). *See Yates v. Parker*, 371 S. W. 3d, 152, 155 (Tenn. Ct. App. 2012) ("The proper avenue to address post-judgment jail credit for prisoners is through the TDOC administratively."). Plaintiff here must similarly follow the UAPA to challenge his sentence expiration date or release eligibility date. *See Hughley v. State*, 208 S. W. 3d 388, 395 (Tenn. 2006) "[t]he validity of any sentence reduction credits *must* be addressed through the avenues of the Uniform Administrative Procedures Act.", quoting *Carroll v. Raney*, 868 S. W. 2d 721, 723 (Tenn. Crim. App. 1993) (emphasis added).

Under the UAPA, to exhaust a sentence calculation challenge, an inmate must first seek a declaratory order regarding the sentence calculation from the TDOC. *Stewart v. Schofield*, 368 S. W. 3d 457, 464 (Tenn. 2012); *Bonner v. Tenn. Dep't. of Corr.*, 84 S.W.3d 576, 583 (Tenn. Ct. App. 2001) (citing Tenn. Code Ann. § 4-5-5-225(b)). If the TDOC refuses to issue a declaratory order, the petitioner may seek judicial review by seeking a declaratory judgment in the chancery court and may appeal the chancery court's adverse decision to the Tennessee Court of Appeals. *Stewart*, 368 S.W.3d at 464; *Bonner*, 84 S. W. 3d at 578.

Here, Plaintiff asserts in his complaint that he submitted a motion for declaratory order to

the TDOC and was denied his request. Docket No. 164, p. 5. He has failed to pursue judicial relief as required under the UAPA by seeking a declaratory judgment in the chancery court. Accordingly, Plaintiff's complaint should be dismissed for failure to exhaust state remedies.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss the complaint for failure to state a claim (Docket No. 177) be **GRANTED** and Plaintiff's claims be **DISMISSED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**